Bob Shepherd v. The State.

No. 11704.   Delivered June 20, 1928.
On motion to reinstate appeal, delivered October 10, 1928.
Rehearing denied November 21, 1928.

6

The opinion states the case.

*Carl G. Miller* of Rockwall for appellant.

*A. A. Dawson* of Canton, for the State.

MARTIN, JUDGE.—The offense is rape; penalty, five years in the penitentiary.

No sentence appears in the record. This constitutes a final judgment and is essential to confer jurisdiction on this Court. Art. 767, C. C. P. (1925); Doyle v. State, 286 S. W. 214.

Being without jurisdiction, this appeal is ordered dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing accompanied by a certified copy of the sentence which, appearing regular, leads us to reinstate his appeal and to decide the case now upon its merits.

We are of opinion that a juror who refuses to answer whether certain business relations with the accused would or would not affect his verdict, would be subject to challenge for cause. However in the case before us there is no showing that as a result of the refusal of the court to sustain the challenge for cause to such juror, any objectionable juror was forced upon appellant.

Complaint of the failure of the court to arraign the defendant, not being made until same was presented in motion for new trial, will be held by us to have been waived.

Appellant complained of the refusal of his applications for continuance. No process for the absent witnesses appears in the record, nor is there any showing of diligence to secure the presence of said witnesses.

The alleged injured female was referred to by all the witnesses as "she" or "her" and the case did not fail because there was no

specific statement by any witness that said injured party was a female.

The prosecutrix in this case having testified to a number of acts of carnal intercourse with appellant, it is difficult for us to see how there could be any ground for contending that there was no proof of penetration.

The complaint directed at the indictment because it failed to allege the rape was unlawful, is of no force. The indictment alleged that appellant ravished and had carnal knowledge of the prosecutrix without her consent, and that she was not then and there the wife of appellant. This sufficiently charged that the act was unlawful.

Appellant sought a new trial on the ground of misconduct of the jury. Affidavits pro and con were presented to the court who found against appellant's contention. Many authorities might be cited supporting the legal proposition that a conflict upon facts of this kind is primarily for decision of the trial judge, and unless there appears an abuse of his discretion, this court will not review his action.

There is a bill complaining of testimony showing the exchange of notes between appellant and prosecutrix. Matters of inducement and a showing of increasing intimacy between the parties prior to and leading up to the consummation of the act would be plainly admissible.

Appellant introduced as a witness his father-in-law, and when the witness was asked on cross-examination by the State if he was not so related to appellant, a bill of exceptions was reserved to the action of the court in compelling the witness to answer that he was appellant's father-in-law. The testimony tended to show bias or interest and was admissible.

An effort was made on the part of appellant, in connection with his motion for new trial, to show that certain jurors were influenced in their verdict by the fact that appellant did not take the witness stand. The trial court correctly refused to permit such testimony. A juror should not be permitted to impeach his own verdict.

The evidence in this case amply supports the verdict. Upon the proposition that if she would submit herself to him he would get a divorce from his wife and marry her, appellant seems to have induced prosecutrix, a girl fifteen or sixteen years of age, to submit to a number of acts of intercourse with him. The jury gave him the lowest penalty.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Our opinion is questioned on the point made by appellant that he was charged with a capital felony and was never arraigned. It may be seriously questioned, whether the bill of exceptions presenting this matter amounts to a certificate by the trial court that no arraignment was in fact had, or whether it only certifies that appellant raised such question in his motion for new trial. The cases cited in support of appellant's contention, viz: Mays v. State, 51 Tex. Cr. R. 32; Thompson v. State, 46 Tex. Cr. R. 412; Noble v. State, 50 Tex. Cr. R. 581, are not in point. In each of such cases the record affirmatively shows that no plea was ever entered by accused and therefore no issue was ever joined. The later case of Wengenroth v. State, 107 Tex. Cr. R. 78, 294 S. W. 554 presents a similar situation. Such is not the situation in the instant case. The judgment recites in part as follows:

" * * * and both parties announced ready for trial, and the defendant pleaded not guilty to the charge contained in the indictment; Thereupon a jury, towit: A. L. Webb, and eleven others, was duly selected, impaneled, and sworn, who, having the indictment read, and the defendant's plea of 'not guilty' thereto, and having heard the evidence submitted, * * * "

Thus it appears affirmatively that issue was properly joined by the plea entered.

Appellant further complains that we failed to discuss his bill of exception No. 10. It reserves exception to the trial court permitting the state to prove by Emma Hickman facts showing two acts of intercourse between prosecutrix and appellant subsequent to the one relied on by the state. Without objection prosecutrix had testified that appellant had four acts of intercourse with her, and the details of the very transactions made the basis of complaint in said bill were developed by appellant on cross examination of Mack Hickman, the husband of Emma. It follows that there is no basis for appellant's complaint.

Appellant calls attention to an error in our former opinion wherein the statement was made that "no process for the absent witnesses appears in the record." Returned process for witnesses Bloth Miller, Tressie Miller and B. Daniel were attached to the application for continuance. The entire application was not set out in the bill of exception and in this manner the process was overlooked. The return on the process shows that the sheriff of Hopkins County had been unable to locate the two Millers and that Daniel had been

served. Supplemental application for continuance was made requesting delay on account of the absence of the witness Wilson, who had also been served with process. The indictment was returned on June 7th, 1927. The case was not tried until six months later at the October term of court. Process was not taken out for any of these witnesses until the 18th day of October, the case being set for trial for the 25th day of October. The record is entirely silent as to when appellant was arrested. It is incumbent on one seeking delay of a trial because of an absent witness to affirmatively show diligence to procure his attendance. Manifestly if appellant was arrested shortly after the indictment was returned he would be lacking in diligence to delay asking for process until appearance day of the next term of court, which was only seven days before the case was set for trial. In the absence of some showing with reference to the date of arrest we must hold that diligence is not shown. Lack of diligence in procuring process for Daniel and Wilson would be immaterial as they were in fact served, but if present they would not have been permitted to testify to the matters set out as expected from them.

The motion for rehearing is overruled.

*Overruled.*