J. T. JONES v. THE STATE.

No. 13186. Delivered March 26, 1930.
Rehearing granted June 18, 1930.
Reported in 29 S. W. (2d) 791.

The opinion states the case.

*R. T. Jones* and *F. A. Taylor*, both of Henderson, and *John C. Gray* of Beaumont, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, three years in the penitentiary.

Deceased was the son-in-law of appellant, having married his daughter some three or four years prior to the homicide. Deceased was a cripple, apparently being paralyzed from the hips down and being forced to go on crutches. Appellant's daughter was sixteen when she married deceased, who was at that time thirty-two, and there was opposition to the marriage. Some ill feeling developed after the marriage due to the alleged mistreatment by deceased of his wife. Deceased ran a small country store. The evidence for the State tends to show that appellant and his son, Austin Jones, were passing the said store in a wagon late in the afternoon. A shooting occurred between Austin Jones on one side, using a pistol, and deceased on the other, using a twenty-two target. There were no outside eyewitnesses to the beginning of the difficulty. A witness in a nearby field heard the report of the shots and gave testimony indicating that the pistol shots were first. The only connection of appellant with the offense is shown by the testimony of the wife of deceased. She came upon the scene after the shooting started and found her husband down in the store with a gun by his side. He later crawled into a side room. He was found shot through the head and through the side. Her testimony indicated that Austin Jones had followed him into this room and shot him there one time. She also testified to certain statements of her father to the effect that he told his son to go in and finish the job.

Appellant's testimony showed that bad blood had existed between the two, particularly during the two weeks preceding the killing; that deceased had threatened his life and that of his son; had assaulted his wife and little child and had begun the difficulty by firing twice at them as they passed by, whereupon his son jumped from the wagon and shot deceased.

The most serious question in the case was the action of the Court in overruling appellant's first application for a continuance. Appellant was indicted July 5, 1929. The offense is alleged to have occurred April 26, 1929. The trial was had July 30, 1929, on which date appellant filed his application for continuance on account of the absence of six witnesses, two of whom appeared and testified.

The application showed that no attempt was made to subpoena the witness Clyde Strickland until the morning of the trial and that as to the witnesses Hollingsworth and Hillin, it is averred that application was made for subpoenas for these witnesses on the 23rd of July, the application averring "that in response to such application, it appears, that the Clerk of this Court, on said 23rd day of July, 1929, issued subpoenas for said above named witnesses, and gave same to the Sheriff of Rusk County, for service, that defendant, is unable to affirm, from the return of said Sheriff, whether or not the witnesses, Pete Hollingsworth and Georgia Hillin were served with subpoenas." Copies of these subpoenas showing the return thereon are not attached. No excuse is averred for waiting until the 23rd day of July to issue subpoenas for these witnesses. A controverting affidavit was filed by the District Attorney containing largely irrelevant and immaterial matters but which does state facts showing that witness Hollingsworth was in Rusk County as late as the 23rd day of July. It thus appears that this witness could have been subpoenaed earlier if process had been issued. We regard the diligence as insufficient as to these two witnesses. It has been ofttimes and plainly stated: "It is the duty of the defendant, as soon as he is arrested, to use the means provided by law to obtain the testimony he desires, or he must show good cause for failure to do so, upon applying for a continuance." Vernon's C. C. P., Art. 543, Note 5, which cites Barrett v. State, 18 Tex. Crim. App. 64; Timbrook v. State, 18 Tex. Crim. App. 1; Hughes v. State, 18 Tex. Crim. App. 130, and many other cases. See also Hatton v. State, 3 S. W. (2nd) 87; Shepherd v. State, 10 S. W. (2nd) 732. In overruling the motion for new trial it is recited that the Court heard evidence thereon. Such evidence is not brought forward. It may have conclusively shown the continuous presence of these witnesses in Rusk County from the time appellant was arrested until the 23rd day of July and that they left in order to avoid process being served upon them. This is charged as to one of these witnesses in a controverting affidavit. In the absence of allegations excusing appellant's apparent lack of diligence and in view of the recital in the order overruling the motion for continuance above mentioned, we presume that the Court's action was correct both in overruling the motion for continuance and for a new trial. As to the remaining witness, Mrs. Oran Wade, who was duly served with process, her testimony is regarded as impeaching only. Such testimony will not ordinarily be regarded as furnishing grounds for

a continuance. Branch's P. C., Sec. 324; Rodgers v. State, 36 Tex. Crim. Rep. 563; Franklin v. State, 34 Tex. Crim. Rep. 210.

A sharp issue was made in the trial as to who fired the first shot. The appellant requested the following special charge:

"You are further instructed in connection herewith that if you should believe from the evidence in this case that Austin Jones had the legal right to fire the first shot in the difficulty that took the life of J. E. (Mack) Taliaferro, then he would have the legal right to pursue and continue to shoot as long as it appeared to either him' or J. T. Jones, viewed from their standpoint alone, that there was danger either real or apparent to the life or person of either, J. T. Jones or Austin Jones."

This is qualified by the Court to show that the charge requested was a literal copy of paragraph 18 of the Court's main charge. The statement of the Court appears to be correct. Paragraph 18 however was excepted to as being upon the weight of the evidence. It is. However, the appellant himself having requested the Court to give it, invited the error complained of and is in no position to complain. Branch's P. C., Sec. 1946; Carbough v. State, 49 Tex. Crim. Rep. 454; Tuller v. State, 8 Tex. Crim. App. 509.

Other contentions of appellant are deemed to be without merit, particularly in view of the Court's qualification to the bills presenting the matters compained of.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### APPELLANT'S MOTION FOR REHEARING.

MARTIN, JUDGE.—We were in error in holding that appellant requested a charge in the exact language of the Court's main charge. Paragraph 18 of the Court's main charge is in the language quoted in the original opinion. As stated in the original opinion, this was upon the weight of the evidence and was properly excepted to for such reason. The special charge requested by the appellant, while perhaps not exactly correct, could not be said to be open to the same objection as the language of the Court's main charge, which in effect was a statement that appellant had fired the first shot. This was one of the closely contested issues of the case. We are there-

fore of the opinion that in view of appellant's specific exception to the Court's charge, the error pointed out is such as to require a reversal of this case. Accordingly it is ordered that appellant's motion for rehearing be granted, the judgment of affirmance be set aside and the cause be reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.