JOEL CARROLL v. THE STATE.

No. 14961.    Delivered March 2, 1932.

542

The opinion states the case.

*A. L. Landman,* of Athens, and *Mays & Mays* and *Dave T. Miller,* all of Fort Worth, for appellant.

*T. B. Greenwood, Jr.,* District Attorney, *Tom Pickett,* County Attorney, *B. R. Reeves,* and *J. D. Pickett,* all of Palestine, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery with firearms; the punishment, confinement in the penitentiary for twenty-five years.

Shortly after the noon hour on December 10, 1930, two men entered the First State Bank of Frankston, Texas, and, exhibiting a pistol, took from Ray Perry, the cashier, approximately $11,000 in money. Three witnesses for the state testified that appellant was present and participated in the robbery of the bank. The other state's witnesses testified to having followed appellant a few miles from the scene of the robbery and engaging in a gun battle with him. A mail carrier testified that he saw appellant a short time after the gun battle with the witnesses last mentioned, in a stolen truck, fleeing from the scene of the fight. Other witnesses testified to having seen appellant in the city of Athens in the late afternoon preceding the robbery. Also a witness testified that he saw appellant on the highway twenty miles north of Athens, fleeing toward Fort Worth, about five hours after the robbery had been perpetrated. Appellant testified that he was not anywhere near the scene of the robbery, but was in the city of Fort Worth at the very time it was being committed. In support of his theory of the case several witnesses for appellant testified that they had seen appellant in Fort Worth on the occasion in question.

Appellant filed his first application for a continuance, wherein he alleged that he was not ready for trial on account of the absense of Ruth Milner, Harvey Wheeler, and Dick Harris. It was alleged, in substance, that these witnesses would testify, if present, that appellant was in the city of Fort Worth when the offense was committed. The affidavits of the witnesses supporting the averment in the application were attached to the motion for a new trial. Appellant was arrested on the 4th of January, 1931, and was thereafter continuously in custody until his trial on July 27th of the same year. The indictment was returned and filed on January 24, 1931. Appellant had engaged counsel as early as March 12th, 1931. Early in the month of June, counsel for appellant and the district attorney agreed to try the case during the latter part of July. During the first week of July, 1931, the court officially caused appellant's counsel to be advised that the case would be called for trial on July 27th, 1931. On the 18th of July, 1931, appellant and his counsel appeared in open court and the date for trial was formally set for July 27th, 1931. No process was applied for and none issued until nine days before the case was called for trial. No reason for the delay in making application for

process was assigned. The witness Harris was in Fort Worth during the entire time between the arrest of appellant and the date of the trial. The subpoena issued for this witness was returned before the trial, showing no service on the witness. Appellant made no further effort to issue process for this witness. The witness Ruth Milner was continuously in Fort Worth until just a short time before the case was called for trial. This witness was a guest and boarder in the home of appellant's sister. The subpoena for the witness Ruth Milner was not served. The witness Harvey Wheeler resided in the city of Athens, and had resided there for fifteen years and would have attended the trial if he had been served with process.

Appellant failed to use the diligence demanded by the law. It was incumbent upon appellant, as soon as he was arrested under the charge contained in the indictment, to use the means provided by law to obtain the testimony he desired, or, upon applying for a continuance, to show good cause for failure to use such means. Jones v. State, 115 Texas Crim. Rep., 60, 29 S. W. (2d) 791 No excuse was shown for waiting until nine days before the trial to file application for subpoenas for the witnesses. That all of the witnesses could have been subpoenaed if process had timely issued is apparent from the record. Appellant waited approximately six months after the return of the indictment to apply for the witnesses. In the state of the record, we are constrained to hold that the learned trial judge was warranted in overruling the application and denying the motion for a new trial based on the refusal to continue the case. Kelly v. State, 112 Texas Crim. Rep., 514, 17 S. W. (2d) 460.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.