The judgment is reversed and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J.

In a motion for rehearing by the state we understand no serious question is raised regarding the disposition of the case upon the grounds stated in our original opinion, but the state suggests that, in view of probable future legislation on the subject, an expression of the opinion of this court on other phases of the case might be desirable. If there should be other legislation upon the subject involved, it is impossible for this court to know in what form it might appear. The propriety of expressing an opinion upon matters not necessary to the disposition of a case is open to serious criticism, as being dicta only, and of little, if any, weight. For the reasons stated we refrain from responding to the state's suggestion.

The motion for rehearing is overruled.

## LA FITTE v. STATE.
No. 15200.

Court of Criminal Appeals of Texas.
Oct. 26, 1932.

Rehearing Denied Nov. 23, 1932.

134

Dallas Ivey and Maurice Short, both of Center, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for possessing intoxicating liquor for the purpose of sale; punishment assessed at one year in the penitentiary.

Officers armed with a search warrant searched appellant's residence, and upon a table in a pantry found two gallons of whisky, and in the wall of the house they found a pint of whisky.. Twenty-seven empty pint bottles were found in the house. Appellant was not present at the time of the search, but his wife and other members of the family were there.

The affidavit and search warrant upon which the state relied are attacked by bill of exception No. 4 as insufficiently describing the premises to be searched, and for the further reason that they were claimed to be illegible. The learned trial judge attached to the bill the original affidavit and search warrant, and they are before this court for inspection. Both the affidavit and warrant were prepared by filling in mimeographed forms with a typewriter. It is apparent from the originals that the typewritten words were not properly aligned with the blank spaces to be filled in, and in some instances the typewritten words overlapped the mimeographed matter on the forms used. The learned trial judge in qualifying the bill says that, although the words used in filling in the blanks did to some extent overlap the printed matter, he was able to read both the affidavit and search warrant. We have found no difficulty in reading them. They appear not subject to the criticism that they are illegible. Furthermore, the description of the residence to be searched seems to be sufficient. It is described as follows: " * * * The white frame house well known to these affiants to be the residence of Earnest LaFitte, situated on the Logansport hiway about two miles from the courthouse in Center, and located on the east side of said hiway No. 76. * * * "

Bill of exception No. 3 brings forward complaint of the refusal of a requested charge to the effect that it would be no violation of the law for appellant to have possession of the whisky found if he had it for his own use or that of his family. The court assigned as his reason for refusing said charge that the evidence did not raise or suggest the issue covered by the special charge. An examination of the statement of facts verifies the truth of the reasons given by the court for refusing the charge.

Bill of exception No. 1 relates to the refusal of a continuance which was requested on account of the absence of Mrs. Onie La

Fitte and one E. C. Gibbs. The application for continuance omits to set out what the expected testimony from Gibbs would be, and therefore is as to him insufficient. As to Mrs. La Fitte, the application states that, if she was present, she would testify that "the officers came to her house and that she first heard one of them breaking into the house through a back door, that no search warrant was shown to her by the officers making the search, and that none was served on her." It is also stated in the application that appellant had been in jail for about three weeks and had been "advised" that his wife was sick and unable to be present in court.

Bill of exception No. 2 relates also to the absence of this witness, and reflects the fact that after the state had closed its case, and the charge to the jury had been prepared and was ready to be delivered, appellant then requested that attachment issue for said witness, he not having asked for such process when his application for continuance was denied. The two bills may be considered together.

Four officers were present at the time the search of appellant's house was made, three local officers and one visiting officer who happened to be with them. Two officers, Samples and Adams, went to the front door of the house and Houston and Peace went to the back door. Samples testified that he found appellant's wife at the residence and made known to her the purpose for which they came and left with her a copy of the search warrant and served it on her before the house was searched; that he and Adams were at the front door, a screen being between the officers and appellant's wife, and that he (Samples) gave her the search warrant, and they then went in. Samples went in the front door, passed through the house and met Peace in the back of the house. He said Peace was not supposed to go in until after he had served the warrant. Officer Peace testified that he and Houston were standing at the back door and heard Mrs. La Fitte talking to Officer Samples and heard her tell them "All right, come in," and, when Samples and Adams were walking through the house, he (Peace) went in at the back door; that it was a screen door and he opened it and went in as he heard Officer Samples and Mrs. La Fitte coming through the house; that he met Samples in the kitchen. Peace testified that he did not tear the screen and had no occasion to do so; that the door he went in was not latched. The visiting officer, Houston, testified that he did not know whether Officer Samples or Adams entered the house first, but that it was one of the two at the front door; that he was at the back with Peace, and, after they heard the other officers in the house, Peace went in through the unlatched screen door; that they did not break any screen on the door.

In regard to the legal effect of the averments in the application for continuance as to the proposed testimony of Mrs. La Fitte, we refer to the cases of Justice v. State, 112 Tex. Cr. R. 586, 18 S.W.(2d) 657; Elms v. State, 114 Tex. Cr. R. 642, 26 S.W.(2d) 211. We do not discuss the legal proposition suggested by the claimed absent testimony, as the bills may be disposed of upon other grounds. Subdivision 6, art. 543, C. C. P., in part, provides: "* * * The truth of the first, or any subsequent application, as well as the merit of the ground set forth therein and its sufficiency shall be addressed to the sound discretion of the court called to pass upon the same, and shall not be granted as a matter of right. If an application for continuance be overruled, and the defendant convicted, if it appear upon the trial that the evidence of the witness or witnesses named in the application was of a material character, and that the facts set forth in said application were probably true, a new trial should be granted. * * *"

No affidavit of Mrs. La Fitte was attached to the motion for new trial stating that she would have in fact given the testimony expected from her. While such an affidavit may not be indispensable, its absence, unless accounted for, which was not done, may be considered by the court together with the evidence heard upon the trial and the circumstances of the case in determining whether the claimed absent evidence was probably true. It is inconceivable that officers armed with a perfectly legal search warrant should have conducted themselves in any such manner as would have been reflected by the claimed testimony of Mrs. La Fitte. Appellant was absent, Mrs. La Fitte was at the residence, and one of her children was sick in bed at the time. There was no occasion for the officers to break in the house, nor to neglect to exhibit the search warrant or a copy thereof to her. We deem the court well within his discretion in overruling the motion for new trial, predicated upon refusal of continuance in the first instance, and his subsequent refusal to grant an attachment for the absent witness on the ground that the proposed testimony was not probably true, and that, if the witness had been present and given the testimony expected of her, it would not, in view of other evidence in the case, have changed the result of the trial. Many illustrative cases will be found in the notes under subdivision 6, art. 543, Vernon's Ann. C. C. P., in addition to which the following recent cases are cited: Wiley v. State, 117 Tex. Cr. R. 449, 36 S.W.(2d) 495, which reviews many of the older cases bearing upon the subject; Barfield v. State, 118 Tex. Cr. R. 394, 43 S.W.(2d) 106; Fox v. State (Tex. Cr. App.) 43 S.W.(2d) 951.

Finding no error in the record which would justify a reversal, the judgment is affirmed.

## On Motion for Rehearing.

LATTIMORE, J.

Responding to appellant's motion for rehearing, we have again examined the affidavit for search warrant; the original being sent up with the transcript herein. The same not only described the premises to be searched, but sets out that same is a place where whisky is manufactured and sold in violation of the law, by appellant, and this is signed by two affiants and sworn to before a justice of the peace on February 19, 1931. In our judgment it is sufficient to form the basis for the issuance of a warrant to search a private residence.

We cannot change rules adhered to uniformly holding that, unless there be exact and definite showing of diligence, in an application for continuance, we must uphold the action of the trial court in refusing same, as not an abuse of his discretion. When it is admitted that no attachment was asked for the witness known to be absent when the trial began, until after the state had closed its case, and there is no showing of the possibility of getting said witness, save the statement in another bill of exception that she lived "a few miles" in the country, and when no affidavit of the absent witness or of the party who has "advised" appellant that the witness was ill is on file, we feel impelled to uphold the discretion of the trial judge in refusing the application for continuance, also in refusing to grant the attachment asked for the witness for the first time, when the state has closed its case. If the witness was really ill, it would appear easy to have procured the affidavit of some person who knew such fact.

The motion for rehearing will be overruled.