G. W. McCoy v. The State.

No. 18856. Delivered April 21, 1937.
Rehearing Denied May 12, 1937.

The opinion states the case.

*John F. Sturgeon* and *Walter E. Rogers,* both of Pampa, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being four years in the penitentiary.

On the night of June 16, 1935, a burglarious entry was made into the store of R. S. Mills at Lampasas. The entry was made by tearing a hole in the roof. J. B. Tidwell testified for the State substantially as follows: He lived in Big Springs, Howard County, some 275 or 300 miles from Lampasas. About the 12th of June appellant and one Angel advised witness that they had located a hardware store in Lampasas which could be burglarized with profit, and invited witness to go into the undertaking with them. The three left Big Springs on Saturday, June 15th, in Angel's car, arriving in Lampasas about 12 o'clock that night. The three of them went on top of the hardware store and after tearing a hole in the roof appellant and Angel entered, witness remaining on top of the building to keep watch. Witness heard the hammering on the safe, and a breaking of glass. Appellant and Angel emerged through the hole in the roof and witness jumped to the awning and was arrested as he was descending a telephone pole. He left appellant on the awning and saw him no more until he was brought to the jail about eight o'clock that same morning. Witness admitted that when appellant was brought to the jail witness denied knowing appellant, and stuck to that story for two and a half months, but finally to get out himself he implicated appellant in the burglary. The only witness save the accomplice Tidwell who connects or tends to connect appellant with the crime is Mr. Long, who was a deputy sheriff. On the night of the burglary he heard knocking in the hardware store and upon going to the front of the store discovered two men trying to break into the safe, which was on a deck floor. Long broke the glass out of the front door and when he did the two men turned and faced him. He saw them "only for seconds" as he said, when they ran. There was a fifty candle power light near the center of the store building, and between Long and the burglars. He said one of the men was wearing a light suit of clothes, and a light hat. He arrested Tidwell as he was coming down the pole, and shot at another man who ran through the alley. Long fixed the hour of the burglary at about four o'clock Sunday morning. About six-thirty he saw appellant sitting in front of a cafe, where people were passing as usual at that time in the morning. Long identified appellant as one of the men

he had seen working at the safe. The sheriff described the clothes which appellant was wearing when put in jail as follows: "It was a suit of clothes that, at a distance, to me looked black but when you got up close to it you could see it was grey."

The case was called for trial on September 25, 1936. Appellant filed an application for continuance because of the absence of four witnesses; to-wit: Bud Greer, Scott Vinson, Bo Dillard and Kyle Brumley. For diligence in securing said witnesses it was set out in the application that appellant was arrested in Amarillo, Potter County, Texas, September 21, 1936, and conveyed by the sheriff of Lampasas County to the jail at Lampasas, reaching there on the 22nd day of September. On the 23rd of September he wired his attorney, and later the same day talked to him over the telephone, inquiring what steps appellant should take to prepare for trial, and advising counsel that the trial was set for September 25th. His attorney advised appellant to go to the district clerk's office and request the issuance of subpoenaes for his witnesses which he did. Two of said witnesses resided in Potter County and two in Gray County. His counsel knowing that it would be impossible for the process to reach the sheriffs of the respective counties and to be served in time for the witnesses to be present on the day of trial, also advised appellant to request the district clerk to send telegrams to the sheriffs of the respective counties, which telegrams appellant paid for, advising the sheriffs that process had been issued for the witnesses named and requesting that the officers try to get the witnesses in court by September 25th. It appears further from the application that the process was mailed to the sheriffs of the respective counties for the witnesses desired. It was further stated in the application that Gray County and Potter County are located some 450 miles from Lampasas, and that at the time of making the application for continuance appellant did not know whether the sheriffs of the respective counties had received said subpoenaes or not, and that it was impossible by reason of the short time for the process to be returned and therefore said process could not be attached to the application. It is further stated in the application that unless the sheriffs had summoned the witnesses in response to the telegrams mentioned it was not thought the process could reach the sheriffs' respective counties until the date of the trial, and that said witnesses, if served, could not arrive in Lampasas in time to appear as witnesses. It was also stated in said ap-

plication that the four witneses named would testify that on the day prior to the alleged burglary they were on their way from Amarillo to San Antonio, Texas, in a car belonging to the witness Greer, and that they stopped at Big Springs, Texas, on said day and there saw appellant; that he was considerably intoxicated at the time, but insisted on accompanying the witnesses, and did get in the car and left Big Springs with them; that appellant went to sleep soon after leaving Big Springs and slept until they arrived in Austin, Texas, about two-thirty o'clock on the morning that it was claimed the store was burglarized in Lampasas; that appellant left the four witnesses in Austin at about two-thirty on said date; that it was some eighty-five miles from Austin to Lampasas; that appellant was in the presence of said four witnesses and in their company from sundown the day previous until about two-thirty A. M. on June 16th, 1935, the date of the alleged burglary, and that when witnesses left appellant in the city of Austin he had no automobile or other means of transportation.

The trial term of court adjourned by operation of law on the 26th day of September, 1936. It is shown by the record that after the trial and conviction on the 25th of September, on the same day appellant filed his motion for new trial which was overruled, and sentence passed at that time. The fact that the affidavits of the absent witnesses were not attached to the motion for new trial can not be attributed to any negligence on the part of appellant under the facts stated. The materiality of the testimony which it is alleged said witnesses would give is apparent from the face of the application, in view of the facts developed at the trial. The State controverted diligence on the part of appellant by a sworn answer which the court accepted as true and adopted as a part of his qualification to the bill complaining of his denial of the continuance. It is stated in said controverting affidavit in substance: That the indictment against appellant was returned into court on the 4th day of September, 1935; and that said cause was set down for trial for the 16th day of September, 1935; that appellant had been bound over by an examining court and had entered into a bond for his appearance at said term of court and that when the case was called for trial on the 16th day of September, 1935, appellant did not appear in obedience to the terms of said bond, which was then forfeited. It is further stated in said answer that appellant, his attorney, and a sister of appellant had each been notified of the setting of said cause

for September 16th, 1935; that after the forfeiture of said bond the State caused alias capias to be issued for appellant which was not executed until appellant was taken into custody at Amarillo, Texas, some six hundred miles from the town of Lampasas. It is further averred in the answer that appellant did not appear in court at the December term, 1935, nor at the April term, 1936.

The statement that appellant and his attorney and appellant's sister had been notified of the setting of the appellant's case on the 16th of September, 1935, is in no way controverted. The court assigned the following reasons for denying the continuance and attaches same as a part of the qualification to the bill.

"The Court did not consider that since the defendant had failed to appear at the appearance term, to-wit: the September Term, 1935, or at the two succeeding terms, to-wit: the December Term, 1935, and the April Term, 1936, that he had established diligence in preparing for trial; that had he appeared on his bond as he was required thereby to do and made preparation for trial that he could have been ready for trial long prior to the term at which he was tried; that the delay of more than twelve months between the time of indictment and time of actual trial being due to the wrong of the defendant, that he was not entitled to avail himself thereof."

It is unquestionably true as asserted by appellant that ordinarily an accused is not charged with the exercise of diligence in preparing for trial until after the return of an indictment and an arrest thereunder. Jones v. State, 115 Texas Crim. Rep., 60, 29 S. W. (2d) 791. It is the State's position, however, that when appellant was arrested under a complaint charging him with the burglary in question and bound over by an order of the examining court, and entered into a bond for his appearance at the September term, 1935, of the District Court of Lampasas County, that the terms of the bond required him to appear at said court from day to day to answer the accusation against him for said offense, and that although he was not arrested upon a capias issued after indictment that immediately after the indictment was returned the terms of the bond required him to appear and that after indictment he having been notified that his case was set for trial for the 16th of September, the law then charged him with diligence in preparing for trial, instead of which he forfeited his bond and remained away from the court until

he was re-arrested under the alias capias on the 21st of September, 1936.

To determine the question presented we are required to look to the terms of the bond required of appellant by the examining court. In general parlance such bond is referred to as binding an accused to "await the action of the grand jury," and if the charge be a felony that is in effect correct, because a prosecution for a felony may only proceed upon an indictment returned by a grand jury. Appellant was charged by complaint in the examining court with the very offense of burglary for which he was indicted, and the terms of the bond required him to appear before the "District Court of Lampasas County, Texas * * * to answer the State of Texas upon said charge of burglary, and there remain from day to day and term to term of said court until discharged by due course of law." The terms of the bond would have been ineffective if no indictment had been returned, but when indictment was returned the bond immediately became effective. Appellant was already in custody of the law under the bond, and upon being notified that his case had been set for trial for the 16th day of September, 1935, the law then required him to begin the exercise of diligence to prepare for trial. The record shows no effort of appellant to prepare for trial until his re-arrest upon September 21, 1936, but his efforts appear to have been to avoid a trial altogether. In Gould et al. v. State, 94 Texas Crim. Rep., 18, 252 S. W., 772, there was a contention that a forfeiture upon a bond required by an examining court had been prematurely taken. This court speaking of the object to be obtained by such bond said,

"A substantial compliance only is necessary, and one which would *require his* (accused's) *presence where he may be reasonably had when deemed necessary by the court before which he is bound to appear*."

Appellant having had notice that indictment had been returned against him, and that his case had been set down for trial for September 16, 1935, was direct information as to the time his presence was deemed necessary in response to his bond. Appellant ignored the notice, made no attempt to be ready for trial, and permitted a forfeiture on his bond, which forfeiture judgment was made final.

While appellant apparently did everything he could do to get his witnesses, after his re-arrest on September 21, 1936,

we are of opinion this delayed diligence would not avail him, and that the court's action in denying the continuance can not be held error.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a persuasive motion, responding to which we have gone over the record in this case, which in some phases is one of first impression with us,—but we are not led to conclude that we erred in our disposition of same. Appellant cites Jones v. State, 115 Texas Crim. Rep., 60, in which Judge Martin, in his opinion, quoted a small part of the lengthy statement appearing under Note 5, subdivision 2 of the notes under Art. 543, Vernon's C. C. P. We have examined the numerous cases cited by Mr. Vernon in support of the text referred to, and find in none of them support for the quotation just mentioned as applicable to facts such as those which here appear.

We said in our original opinion herein that ordinarily the time for the accused to begin his diligent effort to get ready for trial would not begin until after he was indicted and arrested thereunder. Each of the cases cited by appellant in his motion comes under what we termed "ordinarily," notwithstanding we may have used in said opinions language which leads appellant to here urge upon us that same is authority against the conclusions advanced by us in the original opinion herein. He cites the Jones case, as above stated, and we have searched the opinion in that case to find therefrom when the accused was arrested, but could not find when; nor could we find whether he was on bond or in jail after such arrest before trial. The opinion in that case shows that the offense occurred April 26, 1929; that the indictment was returned July 5, 1929, and trial had on July 30, 1929. It was merely held in the opinion in that case that because subpoenaes for the witness were not sought until July 23rd, no diligence was shown. The quotation from Mr. Vernon appearing in said opinion, as above referred to, seems not to have any application to the disposition of the case, and no effort was made to show that the accused in that case was arrested before indictment, nor does any other fact appear in the opinion which would make applicable said quotation to the appellant's contention in that case. The same holds as to what was said in Shepherd v. State, 10 S. W. (2d) 730; also in Carroll v. State, 46 S. W. (2d) 1110.

Neither case showed an arrest and bond before indictment, and a chance expression such as that it was incumbent upon the accused as soon as he was arrested under the charge in the indictment to use the means provided by law to obtain desired testimony must be weighed in the light of the facts before this court in each case, which facts do not afford appellant herein any comfort.

So also as to what was said by Judge Harper in Murrell v. State, 184 S. W. Rep., 831. In that case the accused was bound over after a preliminary hearing. After indictment he made application for process to Coryell County for a witness. This court said in its opinion that the least diligence on the part of the accused would have revealed that said witness had been gone to Oklahoma for six months before said process was issued. When the case was called for trial, it was postponed for a week to allow the accused to take the deposition of said witness. The showing as to the manner of attempting to take this deposition manifested so much negligence that this court held there was no diligence shown to get the testimony. In the opinion on rehearing in that case there was a statement made regarding what was supposed to be a reference by this court in its opinion,—to diligence on the part of the accused before indictment, and Judge Harper disclaimed intent in his opinion to so hold, and said "His duty as to diligence to get his witness began when he was arrested on the indictment." This statement was purely obiter dicta, and had reference to something that had not been decided in the original opinion, and was not before the court for decision. This court held,—and decided the case against the accused upon the ground,—that he was negligent in failing to get the deposition of his witness, who had moved from Coryell County in July, within the knowledge of the accused, to a foreign jurisdiction.

We agree with appellant in this case that he could not be expected to get out process for his witnesses until after he was indicted, but are of opinion that when he executes a solemn bail bond, with all the formalities required by statute, binding himself to appear before the court to which his bond is returnable to await the action of the grand jury upon whether he should be indicted, and he fails and refuses to carry out the obligation but takes leg bail, and is found approximately a year later in another part of the world and brought back vi et armis, only to find that the indictment has been returned many months before, he can not complain if the trial court and this court ultimately should hold that the time occupied

462

by him in endeavoring to escape the terms of his bond and the jurisdiction of the court should be held against him when he presents the question of his diligence in trying to get his witnesses.

The motion for rehearing will be overruled.

*Overruled.*