### GLADYS TROTTI v. THE STATE.

No. 19630. Delivered May 4, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*Seale & Thompson,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of murder, and her punishment assessed at five years' confinement in the penitentiary.

She first complains of the overruling of her motion for a continuance in order to obtain the testimony of Robert Rhodes, who, she alleges, would have testified to an attack made upon appellant by deceased and her mother Pernie Bailey with a knife, at the time of the homicide.

The deceased, Frankie Lee Bailey, was a negro girl, fourteen years old, and on the 13th day of March, 1937, she and her mother were passing by appellant's house, and were accosted by appellant, who called the deceased and said: "I hear you are going with Woodrow" (appellant's husband), which accusation was denied by deceased. The mother then came into the conversation and wanted to know what was the matter, and promising to straighten it out if there was anything wrong. Appellant

then stepped in the house, and immediately returned with a pistol and shot Frankie Lee in the leg, the bullet entering from the rear, and not going through. The mother then clinched with appellant and they fell to the ground. The deceased, who was evidently running away when first shot in the back of the leg, then returned, and was again shot by appellant in the right side, the bullet passing through the body, which wound caused her immediate death. Appellant then seems to have also shot the mother Pernie Bailey through the mouth, from which shot the mother recovered..

This appellant was immediately arrested, and by the grand jury indicted on April 8, 1937. At the September term, 1937, this cause was on October 2, 1937, set down for trial on October 15, 1937, and bill of exceptions No. 1 shows that a subpoena was on October 2, 1937, issued for Robert Rhodes to Gregg County, commanding his appearance at this trial on October 15, 1937, and on such last date he failed to appear, hence this motion for a continuance. There is no showing in the record that the witness would be available at another date, or would ever be available, no effort of any kind made to have the Gregg County sheriff make any return of any kind on said subpoena, and no ascertainment of where the witness could be found, nor why the subpoena was not returned by the sheriff, nor any affidavit of the witness attached to the motion for a new trial; no statement in the motion nor bill as to when appellant's attorneys were employed, nor as to what diligence they exercised relative to such witness, and an effort to ascertain his whereabouts. These attorneys had at least thirteen days from the issuance of the subpoena until the date of the trial to obtain a return of such subpoena, and the record is silent relative to such efforts, but they only rely upon a failure upon the part of the sheriff of Gregg County to make any return of any kind thereof. They continue to thus rely up to the time of the hearing of the motion for a new trial, and we think that such was an entire lack of diligence that leaves us with the duty of sustaining the trial court in exercising his discretion in overruling this motion. See LaFitte v. State, 54 S. W. (2d) 133. It will also be seen that nearly six months had elapsed between the return of the indictment against this appellant and the date of the setting of this case and the issuance of the subpoena for the witness Robert Rhodes. In the event of the indictment and arrest of appellant, it is incumbent on appellant or his attorneys to exercise diligence to procure the attendance of their witnesses, even though such case has not been set down for trial, and they will not be justified in waiting for a setting of such case

to initiate their diligence. We quote from Shepherd v. State, 10 S. W. (2d) 730, opinion on rehearing:

"The indictment was returned on June 7, 1927. The case was not tried until six months later, at the October term of court. Process was not taken out for any of these witnesses until the 18th day of October, the case being set for trial for the 25th day of October. The record is entirely silent as to when appellant was arrested. It is incumbent on one seeking delay of a trial because of an absent witness to affirmatively show diligence to procure his attendance. Manifestly, if appellant was arrested shortly after the indictment was returned, he would be lacking in diligence to delay asking for process until appearance day of the next term of court, which was only seven days before the case was set for trial. In the absence of some showing with reference to the date of arrest, we must hold that diligence is not shown."

See, also, Jones v. State, 29 S. W. (2d) 791; Hatton v. State, 109 Texas Crim. Rep. 121, 3 S. W. (2d) 87; Carroll v. State, 46 S. W. (2d) 1110; McCoy v. State, 104 S. W. (2d) 877.

It will further be observed that the appellant offered no testimony except that of character witnesses and in support of her application for a suspended sentence, not taking the stand herself, and we do not feel that the trial court abused its discretion in its ruling therein complained of.

The only other matter complained of in appellant's brief is as to the court's charge wherein he limited appellant's right of self-defense to an attack made upon her by the deceased, it being appellant's contention that the charge should have gone further and instructed the jury that appellant also had the right to have defended against an unlawful attack by Pernie Bailey, the deceased's mother. As has been heretofore said, the appellant offered no testimony relative to the facts of the killing, evidently being satisfied to leave such matters to the State's witnesses to delineate, and from such facts we gather that the mother of deceased was only engaging in such difficulty after her daughter had been shot in the back of her leg. If the appellant claimed such two parties were attacking her, she should have offered some testimony relative thereto, and not expected the court to have gone into the realm of speculation in order to find something upon which to hinge a matter of defense for her. The court was rather liberal in his charge; he charged on the law of accidental killing in the presence of two bullet wounds in deceased's body, and told the jury that if they believed that

the deceased, her mother and appellant, at the time of the killing, were engaged in a scuffle over the pistol, and that same was accidentally discharged and killed deceased, then to acquit the appellant. This seems to have been a very favorable charge for the appellant, the testimony showing four shots to have been fired by appellant.

We do not think there has been any error presented to us that would justify this court in a reversal hereof, and the judgment is therefore affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in her motion for a rehearing, earnestly insists that we erred in our original opinion by holding that the trial court committed no error in overruling her application for a continuance because it did not appear from the application that appellant had used proper diligence to obtain the attendance of the absent witness.

In her motion for a new trial, she complained of the action of the court in overruling her application for a continuance, but no affidavit by the absent witness is attached to the motion showing that the witness, if he had been present, would have given testimony material to her defense; nor has she satisfactorily accounted for her failure to obtain such affidavit. See LaFitte v. State, 54 S. W. (2d) 133. Under the circumstances, the trial court could have reached the conclusion that the absent witness would not have testified as claimed by her. It appears from the order of the court overruling the motion for a new trial that the court heard evidence thereon. This evidence is not brought forward; consequently, the presumption obtains that the trial court's action was justified.

Appellant, by her motion for rehearing, has directed our attention to the court's failure, in passing sentence upon her, to make application of the indeterminate sentence law. Therefore, the motion for rehearing will be granted to that extent and the sentence will be reformed to read that the defendant, Gladys Trotti, be confined in the State Penitentiary for not less than two nor more than five years, and as thus reformed the judgment is affirmed.

In all other respects, the motion for a rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.