FLOYD W. HENSON V. THE STATE.

No. 21965. Delivered March 4, 1942.
Rehearing Denied April 8, 1942.

The opinion states the case.

*Reynold M. Gardner,* of Amarillo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is robbery; the punishment, five years in the State penitentiary.

That the appellant and Kenneth Yates assaulted and robbed the injured party, W. R. Davis, of $17.50 is shown by his (Davis') testimony. Such was sufficient to authorize the jury's conclusion of guilt.

The only bills of exception appearing in this record complains of the action of the trial court in refusing to grant appellant's application for a continuance or postponement of the case because of the absence of certain witnesses named therein, whose testimony, it was alleged, was material to the defendant. The application did not contain an averment that the witnesses named therein were "not absent by the procurement or consent of the defendant" as required under the provisions of Art. 543, Sec. 4, Vernon's Annot. C. C. P. The absence of such an allegation renders the application fatally defective. Clarich v. State, 129 S. W. (2d) 291, 137 Tex. Cr. R. 282; Owens v. State, 149 S. W. (2d) 964, 141 Tex. Cr. R. 499; and authorities cited under Note 29 of Art. 543, Vernon's Annot. C. C. P.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains again relative to the trial court overruling his motion for a continuance.

It is shown that appellant and another were indicted on February 12, 1941. On March 4, 1941, appellant and his co-defendant were asked by the court if they had procured an attorney to represent them, and appellant answered that he had employed Mr. Gardner. Mr. Gardner said, however, that negotiations at such time had not been completed. On March 14, 1941, the court set this case for trial on March 24, 1941, and on March 18, 1941, arrangements were completed for the obtaining of Mr. Gardner's services. On March 24th Mr. Gardner filed a motion for a severance, which was granted, and appellant's co-indictee was tried and acquitted, at which time the State and appellant, by agreement, continued this cause to the next term of the court, beginning on April 28th. On April 29th this case was set for May 5th. When this case, among others, was called on the last named date both parties announced that they would be ready, and the docket was sounded and the remaining cases were set or disposed of, the jury list was prepared, and questioning of the jury being in progress, at which time appellant's attorney approached the court and told him that one of his witnesses, Jack Lawson, was not present; that he thought he saw him in the court room, but later found that the witness was not present; and later he found that two other witnesses had not appeared.

It appears that although employed since March 18th, appellant's attorney had not applied for subpoenas for such witnesses until May 1, 1941; it also appears that although appellant's attorney had seen and talked with some of the witnesses the day before the trial, in his affidavit he does not state that he notified them of the date of the trial, nor requested their presence thereat, although he had seen the subpoenas for these witnesses on the sheriff's desk for several days before May 4th.

We think appellant as well as his attorney shows a lack of diligence in procuring the attendance of his witnesses. See Gurski v. State, 248 S. W. 353; Freddy v. State, 229 S. W. 533; Suber v. State, 227 S. W. 314; Trotti v. State, 135 Tex. Cr. R. 196, 118 S. W. (2d) 309.

The trial court qualified appellant's bill of exceptions, above discussed, to which qualification appellant attempted to except, but it is noted that such exception is not found above the signature of the trial court, hence no authentication thereof, and same is of no avail as an exception. See Waldrop v. State, 83 S. W. (2d) 974; Vol. 13 Texas Digest 1092 (11).

The motion is overruled.