## E. C. RANDOLPH V. THE STATE.

No. 22387. Delivered February 3, 1943.
Rehearing Denied March 17, 1943.
Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) April 7, 1943.

The opinion states the case.

*W. D. R. Owen,* of Eastland, for appellant.

*Spurgeon E. Bell, State's* Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury of driving an automobile on a public highway while intoxicated, and fined the sum of $100.00.

The facts are rather peculiar. It is shown that appellant, driving an automobile, came into the town of Albany, in such county, at a high rate of speed and failed to make an abrupt turn therein, and as a consequence ran completely across the street on his lefthand side and into a barber shop and a grocery store, demolishing a portion of the barber shop. As to appellant's condition relative to intoxication, the testimony was conflicting, some witnesses testifying as to his being intoxicated, others as to appellant's sobriety. Probably appellant solved the difficulty for the jury concerning this contradictory testimony by taking the stand himself, and assisted in his conviction by stating that he had made a statement before the county judge on his examining trial, which was the truth when made, and was still the truth at the time he was testifying herein. We think the statement, which follows, doubtless was effective with the jury:

"* * * About nine or ten o'clock that morning (of the accident) I began drinking whisky. About eleven o'clock I left Rochester driving a car by myself and drove to Rule, Haskell, Throckmorton, Fort Griffin and Albany. I stopped about three minutes at Fort Griffin to get beer, but they did not have any. On coming into Albany at about one o'clock P. M. the car which I was driving ran into a grocery store and barber shop after failing to make a right turn. By this time I had drunk altogether about a half pint of whiskey since nine or ten o'clock that morning, drinking along about a swallow at a time. * * *."

The original testimony given by appellant herein, however, claimed that he had taken but two small drinks out of a bottle, found in the wrecked car, although appellant reaffirmed that the above quoted statement was still true. We think that in the controversy as to the facts, the finding of guilt by the jury has sufficient support, it being their province to decide such controverted matters.

He complains, however, of the trial court overruling his motion for a continuance because of the absence of Mr. Keller, the owner of the car which appellant was driving at the time herein alleged. It was alleged in such motion that appellant had borrowed such car from Mr. Keller, and that at such time there was in the car a pint bottle about half full of liquor, it being the same bottle found by the officers in the car when same was wrecked, such bottle being about half full when found by the officers.

Appellant's application for a continuance evidences a lack of diligence upon his part. It is shown that this complaint was

filed on July 6, 1942; that a subpoena was requested for Mr. Keller on July 29, 1942, five days prior to this trial and twenty-three days after this charge was filed, and a subpoena was issued on the same day. The subpoena is not found in the record, but appellant says in his motion that immediately after the issuance of such subpoena he personally contacted the desired witness, who told appellant that he would be physically unable to attend this trial, and if necessary the witness would obtain a doctor's certificate showing his inability to attend this trial on August 1, 1942. There is, however, no such certificate found in the record, and no subpoena is attached to such motion.

The absence of any affidavit from Keller would justify the trial court in concluding that he would not have given such testimony had he been present. We said in Trotti v. State, 135 Tex. Cr. R. 196, 118 S. W. (2d) 311:

"In her motion for a new trial, she complained of the action of the court in overruling her application for a continuance, but no affidavit by the absent witness is attached to the motion showing that the witness, if he had been present, would have given testimony material to her defense; nor has she satisfactorily accounted for her failure to obtain such affidavit. See LaFitte v. State, 122 Tex. Cr. R. 239, 54 S. W. (2d) 133. Under the circumstances, the trial court could have reached the conclusion that the absent witness would not have testified as claimed by her."

We are also of the opinion that appellant failed to exercise sufficient diligence in failing to subpoena this witness for about 23 days after the filing of the complaint and information.

It is also contended that the trial court erred in failing to instruct the jury as to the meaning of the term "under the influence of intoxicating liquor." Such a term has been held not to be a technical term as needed definition or explanation, but same has an ordinary meaning commonly understood. See Scott v. State, 95 S. W. (2d) 396; Lockhart v. State, 108 Tex. Cr. R. 597, 1 S. W. (2d) 894; Moynahan v. State, 140 Tex. Cr. R. 540, 146 S. W. (2d) 376; Cox v. State, 150 S. W. (2d) 85, 141 Tex. Cr. R. 561; Davis v. State, 155 S. W. (2d) 801.

The remaining portion of the trial court's charge is in conformity with a charge requested in whole by appellant.

We perceive no error in the record, and the judgment is therefore affirmed.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing, appellant presents a forceful argument on the weight to be given the evidence in the case which in all probability was presented to the jury with equal skill and emphasis.

The original opinion appropriately describes the nature of this case and the writer has been similarly impressed. Good men seem to have differed in their conclusions as to the condition of appellant. Some base the conclusion on the lack of evidence and some on very scant evidence, affirmatively told. If it were the duty of this court to decide questions of fact, we feel that we would be confronted with difficulty. However, this is not our responsibility.

Appellant presents a number of cases sustaining the proposition of law that where the evidence is equally consistent with the guilt or innocence of the party on trial, it will be held to be insufficient to sustain the conviction. Referring to Brown v. State 300 S. W. 81, the proposition of law is sound but does not apply to the facts of this case where a number of credible witnesses testified positively to facts indicating that the party was under the influence of intoxicating liquor and at the same time an equal number of credible witnesses took an opposite view, which seemed to have been justified from their observation. The Brown case would be appropriate had all the witnesses testified to similar facts which may be viewed as being consistent with the party's innocence as fully as such undisputed facts would be with his guilt. In that event the jury would not be warranted in returning a verdict of guilty. We think, too, that the diligent counsel presenting appellant's motion may have the wrong view about the degree of intoxication which may be considered sufficient to constitute a violation of the law involved. Our examination of the record discloses evidence amply sufficient to support the conviction, and we quote briefly from the following:

Childers, the barber whose building was damaged, said that appellant told him at the time that he had consumed about a half pint of liquor shortly before the accident. Roy Matthews quoted appellant as making a similar statement. Thomas L. Blanton, Jr., county attorney, testified that he talked with the defendant in the sheriff's office but did not say how long after. We quote this testimony: "The defendant talked thick tongued and staggered a little. The defendant looked like he was under

the influence of liquor. I smelled liquor on defendant's breath at the time. We got a pint bottle of liquor out of defendant's car, the car he was driving at the time, got it out of the glove box in said car. It had about half of the liquor gone out of it. It was still about half full of liquor. Defendant told me that he bought the bottle of liquor this side of the river."

The record does not disclose how far Albany was from the river but probably that was a matter so familiar to the jury that neither side considered proof necessary.

J. C. Miller went to the scene of the accident with the county attorney and testified relative thereto: "I did not smell any liquor on defendant's breath that day. I was not very close to him. He looked and acted like he was under the influence of intoxicating liquor."

John Hightower, deputy sheriff, went to the scene of the accident and on this issue testified as follows: "I did not notice the defendant staggering at that time, but I did think the defendant talked a little thick tongued and I could smell liquor on his breath."

We adhere to the original opinion and the motion for rehearing is overruled.