## William John Gordzelik v. State

No. 25657.  January 23, 1952.
Rehearing Denied March 5, 1952.

Hon. Henry S. Bishop, Judge Presiding.

*Culwell & Culwell*, by *J. W. Culwell*, Amarillo, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted of the offense of sodomy and assessed a penalty of two years in the penitentiary.

The offense is alleged to have been committed late at night on November 23, 1950. The prosecuting witness testified that he was returning to his home alone after attending a show and, as he crossed through an underpass, he saw appellant sitting in a car by the side of the street; that appellant called to him and asked for a cigarette; that upon being informed that he had none, appellant then forced him into the car and drove away some distance where he forced the prosecuting witness, at the point of a knife, to perform the unnatural act of taking appellant's private parts in his mouth. When released from the car the thirteen year old boy had the forethought to make a note of

the license number on the car. He informed his mother of the occurrence and she immediately called the officers. They located the car as being in White Deer, a small town in an adjoining county. They took the prosecuting witness with them and he identified the appellant, then a seventeen year old boy and the son of the owner of the car. He was taken into custody and a few hours thereafter signed a written confession which was introduced in evidence.

On the trial of the case appellant took the stand in his own behalf and repudiated the statement, declaring that a man whom he was not able to identify forced him to agree to make the confession. According to his statement another officer came to his cell, woke him up and had him to sign the statement. This statement contained practically the same story, in all of its details, as given by the prosecuting witness and also described the manner of his leaving home at night time without the knowledge of anyone else, making a trip to Amarillo, and his return. Appellant also offered evidence attempting to prove an alibi but, aside from his own testimony, the evidence would not be conclusive. These issues were submitted to the jury under proper charge and they found against the defendant.

He filed a motion for continuance for a brother in the armed service. His bill discloses that he got the subpoena for his brother and had it served on him, but that he was taken into service a few days thereafter and was at the time of the trial stationed in North Carolina. The judge's qualification of this bill shows that he had time to and could have secured the evidence of his brother, or could have taken it by deposition but he used no diligence to do so. The refusal of the court to grant the continuance was set up as a ground for a new trial, in his motion for same, but no affidavit of the brother was attached to this motion and no reason shown why he did not do so.

There are other bills of exception in the record but we do not believe that they raise questions of importance. We have considered other bills and found nothing requiring a discussion.

We are aware of no error shown by the record and the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Judge.

We have again examined the court's qualification to appellant's Bill of Exception No. 1 and fail to find therein any matters of fact not contained in the bill itself.

Appellant challenges our holding that no error is shown in the trial court's failure to grant a continuance notwithstanding the fact that no affidavit of the missing witness was attached to either the motion for continuance or the motion for new trial, and no reason is shown why the same has not been done.

Such motion for continuance is addressed to the discretion of the trial court, and we must review his ruling thereon in the light of what he had before him.

In Randolph v. State, 145 Tex. Cr. R. 526, 169 S. W. (2d) 178, we said:

"The absence of any affidavit from Keller would justify the trial court in concluding that he would not have given such testimony had he been present. We said in Trotti v. State, 135 Tex. Cr. R. 196, 118 S. W. (2d) 309, 311: 'In her motion for a new trial, she complained of the action of the court in overruling her application for a continuance, but no affidavit by the absent witness is attached to the motion showing that the witness, if he had been present, would have given testimony material to her defense; nor has she satisfactorily accounted for her failure to obtain such affidavit. See LaFitte v. State, 122 Tex. Cr. R. 239, 54 S. W. (2d) 133. Under the circumstances, the trial court could have reached the conclusion that the absent witness would not have testified as claimed by her.' "

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.