Lugene HARRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44249.

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

**38**

top of the complainant. His trousers were pulled down below his buttocks. The complainant was nude. The remnants of a dress lay nearby. One of the officers ordered the appellant three times to get up, but he was apparently so engrossed in his activity that he did not respond. One of the officers then gained his attention by firing his pistol into the ground, at which time appellant did get up.

The complainant testified that appellant made her go into the alley at knifepoint, that he had intercourse with her three times against her consent, and that he beat her.

■ In particular, appellant claims that the evidence is insufficient since the only evidence of penetration was the complainant's testimony. This Court has repeatedly held that the penetration may be proved by the complainant's testimony alone. Faulkner v. State, 390 S.W.2d 754 (Tex.Cr.App. 1965); Boedeker v. State, 218 S.W.2d 1003 (Tex.Cr.App.1949); Shepherd v. State, 111 Tex.Cr.R. 4, 10 S.W.2d 730 (1928).

■ Further, the complainant's testimony that appellant had sexual intercourse with her is sufficient to establish penetration. Duckworth v. State, 63 S.W. 874 (Tex.Cr.App.1901); also see, Shepherd v. State, 111 Tex.Cr.R. 4, 10 S.W.2d 730 (1928).

Appellant contends by his second ground of error that the trial court erred in admitting at the punishment stage, testimony concerning threats made by him to the arresting officers at the time of his arrest. He asserts in his third ground of error that the trial court erred in admitting evidence as to his reputation. He contends that the proper predicate was not laid. The record reflects that no objection was made in either instance.

Failure to object to evidence when offered precludes review by this Court. Lopez v. State, 468 S.W.2d 365 (Tex.Cr.App. 1971).

---

Lawrence R. Green, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., John Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for rape. Trial was before a jury with punishment set by the jury at life imprisonment.

Appellant contends, in his first ground of error, that the evidence is not sufficient to sustain the conviction. In particular, he contends that the evidence of penetration was not sufficient. A brief summary of the evidence will be in order.

Two Dallas police officers testified that they answered a call to a location in that city. Upon arriving, they were met by the young man who had summoned them, one Larry Cook. Cook told the officers that he had seen a man knock a woman down in an alley nearby. The officers then went into the alley where they heard a moaning noise behind a bush.

Upon investigating the location of the sound, they found the appellant lying on

Appellant contends that his trial counsel was ineffective and incompetent.

We have examined the conduct of trial counsel and have concluded that appellant was adequately represented. See, Williams v. Beto, 354 F.2d 698, 706 (5th Cir. 1965); Lucas v. State, 463 S.W.2d 200 (Tex.Cr. App.1971).

Appellant also alleges as error that the trial court failed to charge on exculpatory statements. There was no objection to the failure of the court to so charge, and no special requested charge was submitted to the court. Therefore, the failure to give such a charge, if indeed it was required by the evidence, was not error. Art. 36.14 and 36.15, Vernon's Ann.C.C.P.; Martinez v. State, 448 S.W.2d 488 (Tex. Cr.App.1970); Spencer v. State, 466 S.W. 2d 749 (Tex.Cr.App.1971).

The judgment is affirmed.