Carl WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51936.

Court of Criminal Appeals of Texas.

Jan. 12, 1977.

Rehearing Denied March 30, 1977.

Randy L. Schaffer, Jr., Houston, court appointed on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and David Crump, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for the offense of rape. V.T.C.A., Penal Code, § 21.02. Punishment was assessed by the court at twelve (12) years' confinement in the Department of Corrections following a verdict of guilty.

Initially appellant challenges the sufficiency of the indictment on appeal contending that it was fundamentally defective. There was no motion to quash filed in the trial court.

The indictment, omitting the formal parts, alleged the appellant:

". . . did then and there unlawfully intentionally and knowingly by force and threats to S_____ D_____ T_____, a female not his wife and hereinafter styled the Complainant, have sexual intercourse with the Complainant and without the consent of the Complainant."

V.T.C.A., Penal Code, § 21.02 (Rape), provides in part:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

"(b) The intercourse is without the female's consent under one or more of the following circumstances:

"(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances;

"(2) he compels her to submit or participate by any threat that would prevent resistance by a woman of ordinary resolution . . ."

Appellant contends the indictment is fundamentally defective because it merely alleges "force" and not "force that overcomes such earnest resistance as might reasonably be expected under the circumstances" and alleges "threats" and not threats "that would prevent resistance by a woman of ordinary resolution."

He argues his contention is cognizable under Article 27.08, Vernon's Ann.C.C.P.,[1] since there is a failure to allege the constituent elements of the offense of rape.

Under the former Penal Code (1925), indictments alleging rape "by force" or "by threats" or both without defining those terms in the indictment have been upheld as sufficient. *Cooper v. State*, 22 Tex.App. 419, 3 S.W. 334 (1886); *Dyer v. State*, 283 S.W. 820 (Tex.Cr.App.1926); *Most v. State*, 386 S.W.2d 537 (Tex.Cr.App.1965); *Lucero v. State*, 502 S.W.2d 750 (Tex.Cr.App.1973). Under the former Penal Code it was not necessary that an indictment for rape should allege the character of the force or specify the threats used. It was sufficient to allege in general terms that the rape was accomplished by force, or by threats, or fraud, or by all these means together. *Cooper v. State*, supra; *Dyer v. State*, supra; 4 Branch's Anno.P.C., 2d ed., § 1937, p. 255.

The instant indictment would without question have been sufficient under the former Penal Code. Rape was defined in part in Article 1183, Vernon's Ann.P.C., 1925, as "the carnal knowledge of a woman without her consent obtained by force, threats or fraud; . . . ." Article 1184, Vernon's Ann.P.C., 1925, defined "force" as applicable to rape cases and provided, "it must have been such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case." Article 1185, Vernon's Ann.P.C., 1925, provided that the "threat" in rape cases "must be such as might reasonably create a just fear of death or great bodily harm, in view of the relative condition of the parties as to health, strength and other circumstances of the case."

█ Do the changes wrought by the provisions of V.T.C.A., Penal Code, § 21.02, call for a different result so that the instant indictment is rendered fatally defective because the terms "force" and "threats" are not set out in the indictment as they are in said § 21.02? Does the fact that the definitions of "force" and "threats" are found in the same statute defining rape rather than in separate statutes call for a result different from that reached under the old Penal Code?[2] We conclude that it does not.

1. Article 27.08, Vernon's Ann.C.C.P., provides:

"There is no exception to the substance of an indictment or information except:

"1. That it does not appear therefrom that an offense against the law was committed by the defendant;

"2. That it appears from the face thereof that a prosecution for the offense is barred by a lapse of time, or that the offense was committed after the finding of the indictment;

"3. That it contains matter which is a legal defense or bar to the prosecution; and

"4. That it shows upon its face that the court trying the case has no jurisdiction thereof."

2. The "Practice Commentary" to V.T.C.A., Penal Code, § 21.02, provides in part:

"Subsection (b) is an exclusive enumeration of the circumstances under which sexual intercourse between male and female is without the female's consent. The enumeration does not significantly alter prior law, but for the most part codifies case decisions defining nonconsent.

"Subsection (b)(1), in defining force that negates consent, is substantially similar to Penal Code art. 1184. . . .

"Subsection (b)(2) deals with threats and basically preserves Penal Code art. 1185 . . . ."

See also 2 Branch's Anno. Penal Statutes, 3rd ed., § 21.02, Explanatory Comment, p. 81.

Article 21.02(7), Vernon's Ann.C.C.P., which sets forth the requisites of an indictment, provides, "The offense must be set forth in plain and intelligible words." Article 21.03, Vernon's Ann.C.C.P., states, "Everything should be stated in an indictment which is necessary to be proved." Article 21.04, Vernon's Ann.C.C.P., provides, "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

Article 21.11, Vernon's Ann.C.C.P., provides in part:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment . . . ."

Article 21.12, Vernon's Ann.C.C.P., provides in part:

"When a statute defining any offense uses special or particular terms, indictment on it may use the general term which, in common language, embraces the special term. . . ."

Article 21.17, Vernon's Ann.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

In *Gray v. State*, 77 Tex.Cr.R. 221, 178 S.W. 337 (1915), this court passed on a similar situation to the present case. In *Gray* the abortion statute had been reenacted. Abortion was defined in a separate paragraph of the new statute. The defendant urged the indictment was fatally defective in that it alleged "abortion," but did not allege the statutory definition thereof. The court upheld the indictment on the ground that the general term "abortion" embraced the special term found in the statute defining abortion. The court then wrote:

". . . We think the indictment, as written, is unquestionably of that certainty which will enable the accused to plead the judgment herein given upon it in bar of any other prosecution for the same offense; also that it charges the offense in such ordinary and concise language as to have enabled appellant or any other person of common understanding to know what is meant, and to give her notice of the particular offense with which she was charged, and to enable the court to pronounce the proper judgment of conviction. . . ." See also *Moore v. State*, 473 S.W.2d 523 (Tex.Cr.App.1971).

Further and more recently, this court held in *Baldwin v. State*, 538 S.W.2d 109 (Tex.Cr.App.1976), that when a term is legislatively defined the necessity for placing a definition in an indictment is dispensed with if the substantial offense is alleged in terms of words that have been assigned a technical meaning.

█ We conclude the instant indictment is sufficient. The use in the indictment in the instant case of the general terms "force" and "threats" to describe why consent to sexual intercourse was lacking embrace the special terms or definitions in the statute giving adequate notice to the appellant of the elements of the offense with which he was charged. See Article 21.12, supra. The only type of "force" which will support a rape conviction is that which "overcomes such earnest resistance as might reasonably be expected under the circumstances." The only type of "threat" which will support a rape conviction is that which "would prevent resistance by a woman of ordinary resolution." The indictment in effect alleged what had to be proved. See Article 21.03, Vernon's Ann.C.C.P. When the terms "force" and "threats" were used in the indictment, the appellant was given adequate notice of the offense with which he was charged and clearly the lan-

guage of the *Gray* opinion and the holding in *Baldwin* are here applicable.[3]

■ While generally it is better practice to describe the offense in the indictment in the words of the statute,[4] the instant indictment was not fundamentally defective. It is not necessary that an indictment for rape allege the character of the force or specify the threats. The use of the general terms as in the instant indictment is sufficient. Appellant's contention is overruled.

It is observed that the court submitted the case to the jury on the charge of rape by threats alone and defined "threat" as set out in V.T.C.A., Penal Code, § 21.02.

Appellant also contends that the evidence was insufficient to show penetration since the prosecutrix testified that the appellant had "intercourse" with her and failed to state that it was sexual intercourse. The rationale of this argument is that there was no way to determine the exact nature of the intercourse engaged in on the night in question.

■ The record reflects that on August 24, 1974, the prosecutrix awoke in her bedroom to find a man identified as the appellant standing over her. Excerpts from the prosecutrix' testimony as it related to the issue of penetration are as follows:

"Q. And did the defendant have intercourse with you?

"A. Yes he did.

"Q. Against your will and without your consent?

"A. Uh-huh.

"Q. After having had intercourse with you—did the defendant take his pants off entirely?

"A. I don't think he did because I sort of remember him just pulling up his britches and taking off.

\* \* \* \* \* \*

"Q. And did a policeman come?

"A. Yes.

\* \* \* \* \* \*

"Q. Did you tell him that the defendant had threatened you and had had forcible sexual intercourse with you?

"A. Yes."

Later in the record the prosecutrix added:

"Q. What were you wearing?

"A. I can't recall. I know I had on my underclothes, but what else, I don't know.

"Q. Did he take them off?

"A. Undergarment, yes."

On cross-examination the prosecutrix stated, "I know that he is the one who raped me." On redirect examination the following exchange took place:

"Q. Now he—I believe your testimony was that he came in and was talking to you and told you what to do, took your underwear off, raped you, went out and came back in again, is that correct, after saying several things to you, threatening your life?

"A. Yes."

Appellant candidly admits cases holding that testimony of "sexual intercourse" alone would be sufficient proof of the element of penetration. *Duckworth v. State*, 63 S.W. 874 (Tex.Cr.App.1901); *Harris v. State*, 473 S.W.2d 37 (Tex.Cr.App.1971). In *Clay v. State*, 518 S.W.2d 550 (Tex.Cr.App. 1975), this court held that the prosecutrix' testimony that the defendant was "the man that raped me" was sufficient to prove penetration.

The questions and testimony of the prosecutrix went far beyond the mere assertion that appellant had "intercourse" with her, including the terms "rape" and "sexual intercourse." We find that the evidence was sufficient to support a finding by the jury that the element of penetration did occur.

The judgment is affirmed.

3. The trial court should always include the statutory definitions in its jury instructions where applicable.

4. See Morrison and Blackwell, New Texas Penal Code Forms, § 21.02A, p. 14; 2 Branch's Anno.Penal Statutes, 3rd ed., § 21.02, p. 84.

OPINION

ON APPELLANT'S MOTION
FOR REHEARING

BROWN, Commissioner.

Appellant's motion for leave to file a motion for rehearing was granted to allow a re-examination of this indictment question in light of our recent decisions in *Reynolds v. State*, 547 S.W.2d 590 (decided on February 23, 1977) and *Victory v. State*, Tex.Cr.App., 547 S.W.2d 1 (decided on November 3, 1976). We have determined that those cases are distinguishable from the instant case and have no effect on our original opinion.

*Reynolds v. State*, supra, is distinguishable in that the indictment merely alleged that the accused exercised control over property "unlawfully." Under V.T.C.A. Penal Code, Sec. 31.03(b) "unlawfully" is given two different interpretations. We determined, therefore, that the *Reynolds* indictment was defective in that it failed to allege that the accused exercised control over the property "without the owner's effective consent."

In the instant case, however, the terms "force" and "threats" have only one meaning under the rape statute, as discussed in our original opinion. It was, therefore, unnecessary to allege their definitions in the indictment.

*Victory v. State*, supra, is likewise distinguishable in that it was necessary to allege the specific intent "to arouse or gratify the sexual desire of any person" as an element of the offense of indecency with a child. We held that the requirements of Article 21.05, Vernon's Ann.C.C.P. required the allegation of the specific intent.

Appellant relies on *Posey v. State*, 545 S.W.2d 162 (Tex.Cr.App.1977). In that case, the indictment alleged the acquisition of a controlled substance by misrepresentation, fraud, deception, and subterfuge, in that the accused presented a prescription which prescribed the substance for another person. We held that the allegation that he merely presented another's prescription alleged "only a noncriminal act—not a criminal offense," the reasoning being that it would not be unusual for persons to present prescriptions for other members of their families. It was, therefore, necessary to allege why the presentation of such a prescription amounted to "misrepresentation, fraud, etc." under Section 4.09(a)(3) of the Controlled Substances Act. In the instant case the allegation of rape by force or threats is not subject to any interpretation other than that described in the statute.

Appellant's second ground of error referring to the insufficiency of the evidence to show penetration is raised in a pro se document which is captioned "A Writ of Habeas Corpus," but which the trial court deemed to be "in the nature of an appellate brief." This contention was adequately disposed of in our original opinion.

Appellant's motion for rehearing is overruled.

The judgment is affirmed.

Opinion approved by the Court.