Robert Alexander JOHNSON,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 61425.

Court of Criminal Appeals of Texas.

Nov. 18, 1981.

Barry J. O'Keefe, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann, and John S. Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated rape. After finding appellant guilty, the jury further found that he had previously been convicted of a felony offense and assessed punishment at 99 years.

In his third ground of error, appellant maintains the court erred in overruling his motion to quash the indictment. He contends the indictment is duplicitous in that it alleges that the offense was committed "by force and by threatening."

The indictment under which appellant was convicted alleges in pertinent part that on September 12, 1977, he:

"did then and there unlawfully, intentionally and knowingly by force and by threatening the imminent infliction of serious bodily injury and death to P——— S———, a female not his wife and hereafter styled the Complainant, have sexual intercourse with the Complainant and without the consent of the Complainant."

 Appellant's complaint that the indictment is duplicitous is raised for the first time in this appeal since it is not contained in his motion to quash. This Court has held that a complaint regarding duplicity must be presented by way of a motion to quash. See *Anderson v. State*, 615 S.W.2d 745 (Tex. Cr.App.). Further, an indictment is not subject to a motion to quash on the basis of duplicity when it alleges, conjunctively, more than one theory of committing the offense alleged. See *Russell v. State*, 598 S.W.2d 238 (Tex.Cr.App.); *Jurek v. State*, 522 S.W.2d 934 (Tex.Cr.App.). Appellant's third ground of error is without merit.

██ In his first ground of error, appellant contends the court erred in failing to grant his motion to quash the indictment. He maintains the indictment failed to inform him of "the particular offense sought to be charged."

V.T.C.A., Penal Code, Sec. 21.02(a) provides that a person commits an offense if he has sexual intercourse with a female not his wife without the female's consent. The rape becomes aggravated if an individual compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone. V.T. C.A., Penal Code, Sec. 21.03(a)(2).

In the instant cause, appellant's indictment alleged that he had sexual intercourse with the complainant without her consent.

The indictment further alleged that the rape came about as a result of force and threatening the imminent infliction of serious bodily injury and death to the complainant. We find that the indictment sufficiently alleged the act committed by appellant was aggravated rape under Sec. 21.-03(a)(2), supra, and was not subject to a motion to quash upon the basis that it failed to inform him of the offense with which he was charged. See *Brem v. State*, 571 S.W.2d 314 (Tex.Cr.App.). Appellant's first ground of error is without merit.

In his second ground of error, appellant maintains the court erred in overruling his motion to quash the indictment. He contends the indictment is deficient because it fails to set forth the offense in "plain and intelligible words."

A contention similar to that now presented was before this Court in *Brem v. State*, supra. There, the defendant urged that the court erred in overruling his motion to quash an aggravated rape indictment. He argued that the indictment should have been quashed because it failed to allege the manner and means of force and threats used and it failed to allege the circumstances which made the act of sexual intercourse nonconsensual. No error was found in the court overruling the defendant's motion to quash and this Court stated:

"Contrary to appellant's assertion, an indictment for aggravated rape need not set out or describe the specific actions or deeds of the defendant which communicated the threat of serious bodily injury to the prosecutrix. See *Watson v. State*, 548 S.W.2d 676 (Tex.Cr.App.1977); *Childs v. State*, 547 S.W.2d 613 (Tex.Cr.App. 1977). The indictment sufficiently alleged the act committed by appellant which 'aggravated' the rape under Sec. 21.03(a)(2), and therefore was not subject to a motion to quash on this ground. "Appellant's contention that the indictment should have been quashed because it failed to allege the circumstances which made the act of intercourse nonconsensual is likewise without merit. The indictment alleged that appellant

had sexual intercourse with the complainant 'without the consent of the Complainant, by means of force and threats.' It is not necessary that the indictment allege the facts and circumstances of the offense which made the act of sexual intercourse non-consensual. The allegations of 'force' and 'threats' were sufficient to place appellant on notice of the kind of lack of consent upon which the State would base its case. V.T.C.A., Penal Code, Sec. 21.02(b)(1), (2). See *Watson v. State,* supra; *Childs v. State,* supra; cf. *Rogers v. State,* 550 S.W.2d 78 (Tex.Cr. App.1977). This being true, no further factual allegations were necessary and the indictment was not subject to a motion to quash on this ground." Id. at 317.

We find that appellant's indictment was sufficient to inform him of the offense with which he was charged. Such offense was set forth in ordinary and concise language in such a manner so as to enable him to understand the particular offense with which he was charged. See Art. 21.11, V.A. C.C.P. No error is shown in the court overruling appellant's motion to quash.

In his fourth through seventh grounds of error, appellant maintains the court erred in refusing to submit his specially requested jury charges on the lesser included offenses of aggravated assault and assault. He contends that based upon the facts of the instant prosecution, such lesser included offenses were raised by the evidence and should have been submitted to the jury.

The complainant testified that she is a resident of Houston and that on September 11, 1977, she rode a city bus to go see her sister who lived in Houston. At approximately 8:00 p. m., she went to a bus stop in order to catch a bus back home. While waiting at the bus stop, appellant drove by in an automobile. He stopped the car and asked her whether she wanted a ride. The complainant told him no. She related that appellant did not leave after she told him no and that she then began to walk from the bus stop. Appellant began to follow her in his car and eventually hit her with his car and knocked her down. Appellant then left the car and approached the complainant with a beer bottle and told her to get into the car or he would "cut her up." Appellant then pulled the complainant into his car and told her "he just wanted to have sex."

She related that while appellant was driving the car, she had attempted to escape. In response to this attempted escape, appellant threatened to kill the complainant. Appellant then drove to a secluded location and the complainant described his actions as follows:

"A. He told me to take off my clothes and I wouldn't take off my clothes, and he told me I better or he wasn't going to waste no time with me. He kept telling me that over and over so I finally slid down and I pulled down my pants and he had sex with me."

Appellant then drove the complainant to a second location and once again told her to take off her clothes. When she refused, he began to choke her and pulled her pants down. Appellant then had sexual intercourse with the complainant a second time.

The complainant related that appellant then pulled her out of the car and threw her on the ground. He had earlier obtained a tire tool out of the trunk. Appellant then began beating the complainant about the face and head with the tire tool. She related that she lost consciousness. When she awoke, appellant was gone and she crawled to a nearby home in order to call the police.

Dr. Mitchell Schwaber testified that he examined the complainant at Ben Taub Hospital in Houston or September 12, 1977. He related that she was classified in "critical" condition as a result of four fractures to the head. Schwaber stated that such fractures had come about as a result of blunt force trauma to the complainant's head and face. He testified that such injuries were consistent with having been hit with a tire tool with a force in excess of four to five hundred pounds per square inch.

Appellant presented an alibi defense through his wife, Joanne Johnson. She testified that on the day of September 11, 1977, appellant left work at approximately noon. He then came home and went to play basketball. Johnson testified that her husband returned at approximately 6:00 p. m. and did not leave their apartment again that evening. She stated that he went to bed at approximately 9:00 p. m.

In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.); *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.).

In the instant cause, while proving an aggravated rape, the State likewise proved an assault and an aggravated assault upon the complainant. Thus, the lesser included offenses of assault and aggravated assault were included within the proof necessary to establish the offense charged of aggravated rape. However, there was no evidence presented at trial which showed that appellant, if guilty, was only guilty of the lesser included offenses of assault and aggravated assault. As noted above, appellant presented an alibi defense to the instant offense.

We find no error in the court refusing to submit appellant's special requested jury charges on the lesser included offenses of assault and aggravated assault. Appellant's fourth through seventh grounds of error are without merit.

We have reviewed the contentions advanced in appellant's pro se brief and find them to be without merit.

The judgment is affirmed.

DALLY, J., concurs in result.