Domingo QUEVEDO, Appellant,

v.

STATE of Texas, Appellee.

No. 13–82–383–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 23, 1983.

Rehearing Denied Dec. 15, 1983.

Eric G. Brown, Tinker & Tor, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

Appellant was indicted for the offense of rape. Following a jury trial, he was found guilty only of the offense of assault. Punishment was assessed at six months confinement in the Nueces County Jail and a fine of $1,000.00. Appellant raises three grounds of error. The sufficiency of the evidence is not challenged on appeal. We affirm.

In his first and second grounds of error, appellant asserts that the jury charge on the theory of assault submitted was not a lesser included offense of rape as alleged in the indictment. Therefore, appellant contends his conviction is based upon a jury charge which authorized a conviction on a theory not supported by the indictment.

The indictment states, in pertinent part, that the appellant did:

"then and there intentionally and knowingly compel, by force and threats, Celia Guerrero, a female not his wife, to submit to sexual intercourse with him without her consent."

In charging the jury upon the offense of assault, the court authorized the jury to convict appellant of assault if they found that he intentionally or knowingly caused bodily injury to Celia Guerrero, under TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp.1982–1983). Appellant contends that the language of the indictment does not include an allegation of causing bodily injury pursuant to section 22.01(a)(1) and that a conviction based upon this theory of assault amounts to fundamental error.

A defendant is entitled to a charge on a lesser included offense if there is testimony that if guilty at all, he is only guilty of such lesser offense. *Watson v. State,* 605 S.W.2d 877, 884 (Tex.Cr.App. 1979); *Ormsby v. State,* 600 S.W.2d 782 (Tex.Cr.App.1979); *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr.App.1979). It is also a rule of long standing that an accused cannot invite error and then complain thereof on appeal. *Cadd v. State,* 587 S.W.2d 736, 741 (Tex.Cr.App.1979); *Ex parte Guerrero,* 521 S.W.2d 613 (Tex.Cr.App.1975); *Holmes v. State,* 140 Tex.Cr.R. 619, 146 S.W.2d 400 (1940). If a defendant, as here, requests a charge and the trial court gives that charge as requested, the defendant is in no position to complain of any error therein. *Stiles v. State,* 520 S.W.2d 894 (Tex.Cr.App.1975); *Criswell v. State,* 171 Tex.Cr.R. 206, 346 S.W.2d 341 (1961). This rule applies whether or not the error might be perceived to be fundamental. *Gutierrez v. State,* 659 S.W.2d 423 (Tex.Cr.App.1983); *Ayers v. State,* 606 S.W.2d 936 (Tex.Cr.App.1980).

In the instant case, the record discloses that the jury charge concerning the offense of assault was requested by appellant and submitted to the jury as it was requested. Although appellant's requested charge on the offense of assault by "intentionally or knowingly causing bodily injury to the fe-

male, Cecilia [sic] Guerrero" does not appear to be included in the court's order, the Statement of Facts on the Motion For New Trial evidences the contrary.[1]

■ We hold that the prosecutor had properly placed the event in the record by his statement and the record supports his position. See *Canada v. State,* 660 S.W. 2d 528 (Tex.Cr.App. 1983); *Hicks v. State,* 525 S.W.2d 177 (Tex.Cr.App.1975) (citing Art. 40.09, subd. 4, 7, TEX.CODE CRIM. PROC.ANN.). As in *Hicks,* there were no objections made to this part of the record in the instant case. Further, there were no objections made by defense counsel to the proposed supplementary charge on the issue of punishment for assault. In fact, the record affirmatively establishes that the trial court charged the jury with the language requested by appellant and that appellant is in no position to complain of fundamental error in the charge. Appellant's first and second grounds of error are overruled.

■ In his third ground of error, appellant contends that the trial court erred in denying his motion to set aside the indictment. Appellant maintains the indictment is defective because it did not state the substance of any threats nor the type of force allegedly used. We conclude that the instant indictment was sufficient to inform appellant of the offense with which he was charged. TEX.CODE CRIM.PROC.ANN. art. 21.11 (Vernon 1966).

The use in the indictment of the general terms "force" and "threats" to describe why consent to sexual intercourse was lacking embrace the special terms in the statute giving adequate notice to appellant of the elements of the offense with which he is charged. TEX.CODE CRIM.PROC.ANN. arts. 21.12 and 21.17 (Vernon 1966). The only type of "force" which will support a

rape conviction is that which "overcomes such earnest resistance as might reasonably be expected under the circumstances." The only type of "threat" which will support a rape conviction is that which "would prevent resistance by a woman of ordinary resolution under the same or similar circumstances, because of a reasonable fear of harm." TEX.PENAL CODE ANN. § 21.-02(b)(1), (2) (Vernon Supp.1982–83). The indictment, therefore, effectively alleged what had to be proved. TEX.CODE CRIM. PROC.ANN. art. 21.03 (Vernon 1966); *Watson v. State,* 548 S.W.2d 676, 678 (Tex.Cr. App.1977).

■ We hold that it is not necessary that an indictment for rape allege the character of the force or specify the substance of the threats. *Watson v. State* at p. 679; *Johnson v. State,* 623 S.W.2d 654, 655–56 (Tex. Cr.App.1981); *Brem v. State,* 571 S.W.2d 314, 317 (Tex.Cr.App.1978). Ground of error number three is overruled.

The judgment of the trial court is AF-FIRMED.

---

1. In response to defense counsel's third point at the hearing that there is no evidence, or in the alternative, insufficient evidence upon which to find the defendant guilty of assault, the State responded:

"I find the third claim almost ironic, since the defendant was the one who requested, over

vigorous State's objection, the charge on the lesser included offense of assault. For him to now contend to the court that that was no evidence, means that he mislead the court in chambers when he had advocated the position that there is sufficient evidence to support."