OPINION
DORSEY, Justice.
Appellant was convicted by a jury of aggravated sexual assault on his plea of not guilty, and was sentenced to twenty-five years’ imprisonment. He brings three grounds of error: (1) the indictment should have been quashed because it charged him with both a non-property offense and a property offense; (2) there is no evidence that the offenses arose from the same criminal episode as alleged in the indictment; and (3) the indictment was defective in that it alleged the sexual assault was committed using “threats, force and violence,” while Section 22.011(b)(2) of the Penal Code provides that the victim must be compelled to submit by the actor’s “threatening to use force or violence.” We sustain appellant's first ground of error and reverse his conviction.
Appellant and the victim, L.S., met in the bar where L.S. was working. L.S. testified that shortly after midnight, they took her pickup truck to get coffee at an all-night restaurant. Along the way, appellant told L.S. to stop and then demanded all her money. She refused, but after appellant punched her in the face, she gave him $65.00. Appellant then got into the driver’s seat and, with L.S. in the passenger’s seat, accelerated to a high speed. L.S. grabbed the steering wheel, which caused her pickup to crash through two fences and some cedar trees before stopping. She tried to flee, but appellant threw her to the ground and beat and choked. her. He pushed her back into the pickup, drove a short distance, then twice forced her to have sex with him by threatening her with more violence. He eventually drove to his brother’s house, and L.S. was allowed to leave. She drove to a convenience store and reported the sexual assault to the sheriff’s department. Appellant was soon arrested.
In his first ground of error, appellant complains of being charged in one indictment with both robbery and aggravated sexual assault. The indictment alleged that the offenses were committed by appellant during the “same criminal episode.” A motion to quash the indictment was filed and denied, and the case was tried on both theories. Upon the State’s election at the close of its case, the trial court submitted only the sexual assault issue to the jury.
TEX.CODE CRIM.PROC.ANN. art. 21.-24(a) (Vernon Supp.1986) provides that offenses may be joined in an indictment if they arise out of the same “criminal episode” as defined in Chapter Three of the Texas Penal Code. TEX. PENAL CODE ANN. § 3.01 (Vernon 1974) defines “criminal episode” as “the repeated commission of any one offense defined in Title 7 of this code (Offenses Against Property).” Title 7, entitled “Offenses Against Property,” consists of six chapters: Ch. 28, “Arson, Criminal Mischief, and Other Property Damage or Destruction;” Ch. 29, “Robbery;” Ch. 30, “Burglary and Criminal Trespass;” Ch. 31, “Theft;” Ch. 32, "Fraud;” and the new Ch. 33, “Computer Crimes.” Since aggravated sexual assault is not a crime against property, it was improperly joined with another offense in the indictment. See Drake v. State, 686 S.W.2d 935, 943-44 (Tex.Crim.App.1985); Ex parte Siller, 686 S.W.2d 617, 620 (Tex.Crim.App.1985).
In Drake and Ex parte Siller, the Court of Criminal Appeals interpreted Article 21.-24(a) strictly. Only offenses under Section 3.01 of the Penal Code may be joined in an indictment. All other offenses must be charged separately, one per indictment. The Court expressly disapproved of Meeks v. State, 653 S.W.2d 6 (Tex.Crim.App.1983), which had permitted the joinder of non-property offenses with other offenses in a single indictment. Drake, 686 S.W.2d at 942-43.
Accordingly, since aggravated sexual assault is not a crime against property *573 under Section 3.01, it was improperly joined with another offense in appellant’s indictment. Therefore, we hold that it was error for the trial court to deny appellant’s motion to quash the indictment.
The next question is whether the error is reversible error. For it to be reversible, courts usually ask whether the error resulted in some harm to the accused. See generally Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (Opinion on rehearing) (jury charge); Goss v. State, 580 S.W.2d 587 (Tex.Crim.App.1979) (rape indictment); Hamilton v. State, 438 S.W.2d 814 (Tex.Crim.App.1969) (indictment for possession of heroin); Guerra v. State, 648 S.W.2d 715 (Tex.App.—Corpus Christi 1982, pet. ref’d.) (admissibility of prior convictions). See also TEX. CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1979).
The injury or harm which the accused may have suffered resulted from (1) the reading of the formal charging of both crimes before the jury, which required him to plead not guilty to both offenses; (2) the voir dire; and (3) the State’s opening statement. Evidence of the events surrounding the commission of the offense would be properly admitted to show the circumstances or context in which the crime occurred. See Hoffert v. State, 623 S.W.2d 141 (Tex.Crim.App.1981). However, but for the indictment, the jury likely might have considered all of the events in terms of one continuing episode, rather than categorizing the separate incidents into independent crimes. The jury was thus allowed to consider that the appellant was on trial for two separate felony offenses, each arising from a separate penal statute, rather than merely the one that the State elected to pursue to verdict.
But the test is one of “some harm,” or in the converse, that the error caused no harm. We hold that the error was not harmless.
Furthermore, the State violated Article 21.24(a) of the Code of Criminal Procedure, and appellant timely and specifically raised his objection to the misjoinder in the trial court. To allow the error to be cured by the State’s election would be to sanction the State’s clear disregard of Article 21.24 and would render that article meaningless. The Legislature has mandated that the only offenses that may be joined in one indictment are property offenses. The State may not circumvent the statute by improper joinder of offenses and later try to cure the error by electing to proceed on only one of them. Such a procedure would not cure any harm suffered by the accused.
Although it is not fundamental error for an indictment to violate Article 21.24(a), Drake at 945, it is reversible error for a trial court to refuse to grant a timely motion to quash an indictment that alleges more than one offense, unless each offense is property-related. We sustain appellant’s first ground of error.
In his second ground of error, appellant asserts that the indictment was defective since it alleged that both the robbery and the sexual assault arose out of the “same criminal episode.”
This term is defined in Section 3.01 of the Penal Code as the repeated commission of a property offense. In essence, appellant contends that the State’s indictment contained an allegation impossible to prove because appellant was only charged with one property offense.
We reject this argument. The Court of Criminal Appeals has cautioned that the term “criminal episode” should be used in an indictment only when property crimes are charged. See Drake at 937; Ex parte Siller at 618. However, the Court did not hold that it was reversible error to use the term in other contexts. The evidence at trial clearly established that both the alleged robbery and the sexual assault arose out of the same continuous sequence of events. Although the indictment contained a poor choice of words, it was not fatally defective on that ground. Appellant’s second ground of error is overruled.
Appellant’s final ground of error also involves the indictment, which alleged:
*574 Roy Sifford ... intentionally and knowingly, by threats, force, and violence caused the penetration of the vagina of [L.S.], a person not the Defendant’s spouse, by defendant’s penis, without the consent of [L.S.] and the Defendant did then and there by acts and words place [L.S.] in fear that serious bodily injury would be imminently inflicted upon [L.S.] ... (emphasis added).
Appellant was convicted of aggravated sexual assault under TEX. PENAL CODE ANN. § 22.021 (Vernon Supp.1986); sexual assault is defined in Section 22.011(b):
A sexual assault ... is without the consent of the other person if:
(1) the actor compels the other person to submit or participate by the use of physical force or violence;
(2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat. (Emphasis added.)

Appellant urges here, as he did in his overruled motion to quash, that the difference between the statutory language and the indictment’s language renders the indictment fatally defective. Appellant’s use of force was to commit robbery. He later threatened L.S. with more force and violence if she did not submit to his sexual attack. Thus, if appellant violated Section 22.011, he could only have violated Section 22.011(b)(2). Appellant argues that the indictment’s “threats, force and violence” language is impermissibly broader than the “threats of force and violence” language required by statute.
TEX.CODE CRIM.PROC.ANN. art. 21.-17 (Vernon 1966) provides that “(w)ords used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words.” See also Ex parte Burkett, 577 S.W.2d 265 (Tex.Crim.App.1979). Appellant’s indictment meets this standard. Although no model of draftsmanship, the indictment does apprise appellant that the threats he was alleged to have made were ones that placed L.S. in fear of “serious bodily injury.” In other words, appellant’s threats were “threats of force or violence.” Thus, the indictment adequately charged appellant with aggravated sexual assault. See generally Watson v. State, 548 S.W.2d 676, 678 (Tex.Crim.App.1977) (under rape statute, forerunner to current Sections 22.011 and 22.021, “(w)hen the terms ‘force’ and ‘threats’ were used in the indictment, the appellant was given adequate notice of the offense with which he was charged....”; Brem v. State, 571 S.W.2d 314, 317 (Tex.Crim.App.1978) (indictment alleging defendant had sexual intercourse with the complainant “without the consent of the Complainant, by means of force and threats” held sufficient to apprise defendant of the offense); Quevado v. State, 661 S.W.2d 321 (Tex.App.-Corpus Christi 1983, pet. ref’d) (citing Watson).
The indictment was defective because it charged appellant with two offenses, one of which was not property-related. Appellant properly preserved error by filing a motion to quash on this ground. The judgment of the trial court is therefore REVERSED and the cause REMANDED with an order that the trial court dismiss the indictment.