CR1-171 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-171-CR




MELVIN E. JOHNSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 7251, HONORABLE HAROLD TOWSLEE, JUDGE


 




PER CURIAM



 A jury convicted appellant of voluntary manslaughter and sentenced him to twelve
years' imprisonment. Tex. Penal Code Ann. § 19.04 (1989). In three points of error, appellant
contends that the trial court erred in overruling his motion for new trial based on jury misconduct
and newly discovered evidence. We will overrule all points of error and affirm the judgment of
conviction.

 Appellant and the victim, Phillip Purdue, both owned property in Cedar Creek,
Bastrop County, Texas. Purdue crossed appellant's property to get to his own. Purdue and
appellant had a long-running dispute over whether Purdue had permission to do so. Appellant's
belief that Purdue was dumping trash on appellant's property also caused friction between them. 
The exact facts of the final encounter between the two are disputed, beyond the fact that appellant
arrived at the victim's trailer house and apparently made some statement to the victim about
stopping his acts of trespass and dumping. The victim laughed at appellant, and appellant shot
the victim in the abdomen, causing his death.



Jury Misconduct


 In points of error one and two, appellant contends that the jury committed
misconduct under Tex. R. App. P. Ann. 30(b)(8) (Pamph. 1992) by improperly discussing the
parole law and under Tex. R. App. P. Ann. 30(b)(7) (Pamph. 1992) by receiving evidence during
deliberations. These allegations are based on the affidavit of juror D. Wayne Countryman in
which he said that the jury discussed in great detail the effect of parole on the sentence. He said
that the jury made many calculations about how much time appellant would actually serve based
on the assumption that he automatically would be paroled after serving one-quarter of his
sentence. Further, Countryman stated that he had said that he knew that appellant would serve
at least two and one-half years because he would not receive parole the first time he tried, except
perhaps for health reasons. The State responds that appellant invited any error and cannot
complain. We agree.

 Appellant did not merely request the parole charge as set out in Tex. Code Crim.
Proc. Ann. art. 37.07, § 4 (Supp. 1992). Appellant's counsel engaged in extensive argument to
the jury about the computation of time under the law. Appellant's counsel told the jury that while
the State was correct in saying the jury was not to consider the effect of good conduct time, they
were to consider the parole charge, and it was very important. After reading that part of the
court's charge that said that one-fourth of the time sentenced would be served, he then applied that
concept directly to appellant, saying to the jury that if they sentenced appellant to twenty years,
he would serve five; if ten, then two and one-half. He said that this time period was "actual
mandatory days" that could not be reduced by good time credit. He argued that regardless of
what decision the jury made, appellant would serve at least two actual calendar years, and that two
years actual time was the equivalent of a life sentence for appellant (due to his age and health
problems).

 In general, a defendant cannot create or invite error and then complain of that error
on appeal. Beasley v. State, 634 S.W.2d 320, 321 (Tex. Crim. App. 1982); Quevedo v. State,
661 S.W.2d 321, 322 (Tex. App. 1983, pet. ref'd). In this case, appellant's discussion of parole
law computations of time sentenced and served invited the jury to compute how much calendar
time appellant would actually have to serve as a factor when they determined the sentence, with
the apparent intent of showing how much time he would actually serve in an attempt to obtain
a lighter sentence. We find appellant waived any complaint about jury misconduct based on
discussion of the parole law.

 Appellant also contends that the affidavit shows that the jury improperly received
other evidence during the deliberations because no evidence was received at the punishment phase
on the probability that appellant would receive parole on his first application or as to the minimum
time appellant could be expected to serve. First, evidence concerning the operation of good time
and parole may not be introduced. Tex. Code Crim. Proc. Ann. art. 37.07, § 4(d) (Supp. 1992). 
Second, appellant's argument to the jury explicitly stated that appellant would serve a certain
minimum sentence, i.e., at least two actual calendar years. Given the overall discussion of parole
referred to in the affidavit, the specific remark about not getting parole at the first time eligible
is a "passing remark" and not the receipt of other evidence. See Goldstein v. State, 803 S.W.2d
777, 796 (Tex. App. 1991, pet. ref'd). We overrule points of error one and two.



Newly Discovered Evidence


 In point of error three, appellant contends that the trial court erred in not granting
a new trial on the basis of newly discovered evidence that the victim knew he had no legal right
to cross appellant's land. The newly discovered evidence is contained in an affidavit from a
witness who testified at trial, an attorney for the Veterans Land Board. After the trial, he
remembered a conversation with an attorney from Corpus Christi who had contacted him on the
victim's behalf in an attempt to work out an easement to his property. Appellant argues that the
State sought to prove that the victim thought he had a legal right to cross the land in order to
prove that the shooting was not provoked. Appellant argues that the newly discovered evidence
is relevant to the issue of appellant's state of mind because it tends to show that he was provoked
by the victim's trespass.

 The standard of review for the overruling of a motion for new trial is whether the
trial court abused its discretion. To constitute an abuse of discretion, the record must show: (1)
the evidence was unknown to the movant before trial; (2) movant's failure to discover the
evidence was not due to want of diligence; (3) the materiality of the evidence was such as would
probably bring about a different result on another trial; and (4) the evidence was not merely
cumulative, corroborative, collateral or impeaching. Boyett v. State, 692 S.W.2d 512, 516 (Tex.
Crim. App. 1985).

 We need not discuss the first two parts of the test because the evidence cannot pass
the second two parts of the test. The evidence in the affidavit was cumulative of evidence
presented at trial. The issue of access to the victim's property was thoroughly developed during
the trial. There was evidence that the person who sold land to both appellant and the victim
thought that appellant had given oral permission to cross his land, but simply would not agree to
give a written easement. There was evidence that the victim had received a letter from appellant's
lawyer telling him to quit trespassing and dumping trash, and that therefore the victim knew that,
at least in appellant's mind, he had no right to cross the land. The new evidence merely adds
another piece to the conflicting evidence about the easement, or lack of it. The victim's attempt
to take legal action to secure an easement could show consciousness on his part that he had no
right to be on the property, or it could have been an attempt to assert what he thought was his
right against a refusal on appellant's part to recognize it. 

 It is also impossible to say that the evidence would probably bring about a different
result. The issue of the problems between appellant and the victim, and their effect on appellant's
state of mind, was thoroughly developed at trial. On the basis of the evidence in front of it, the
jury found the lesser included offense of voluntary manslaughter, rather than murder. We do not
think this additional evidence can reasonably be seen as likely to bring about a different result as
it did not significantly add to or alter evidence already in front of the jury. We overrule point of
error three.

 Having overruled all points of error, we affirm the judgment of conviction.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: August 12, 1992

[Do Not Publish]