John Ray Tullous v. The State of Texas










 





IN THE
TENTH COURT OF APPEALS
 

No. 10-99-064-CR

     JOHN RAY TULLOUS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 2
Brazos County, Texas
Trial Court # 1836-98
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      A jury convicted John Ray Tullous of resisting transportation. See Tex. Pen. Code Ann. 
§ 38.03(a) (Vernon 1994). The court sentenced Tullous to one hundred fifty-three days’
confinement in the county jail. Tullous claims in a single issue that the court erred in
overruling his motion to quash the information because it failed to give him adequate notice of
the manner and means by which he committed the offense.
      The information alleges in pertinent part that Tullous did:
intentionally by using force against Wayland Rawls obstruct or prevent Wayland
Rawls a person John Ray Tullous knew to be a peace officer from effecting the
transportation of the said John Ray Tullous . . . .

      The Texas Constitution and Code of Criminal Procedure require that an information
provide an accused with adequate notice. See State v. Mays, 967 S.W.2d 404, 406 (Tex.
Crim. App. 1998); Tex. Const. art. I., § 10; Tex. Code Crim. Proc. Ann. art. 1.05
(Vernon 1977). An information must allege the commission of an offense with enough
certainty that the defendant can “plead the judgment that may be given upon it in bar of any
prosecution for the same offense.” Tex. Code Crim. Proc. Ann. art. 21.04 (Vernon 1989). 
Article 21.11 of the Code of Criminal Procedure provides in pertinent part:
An indictment shall be deemed sufficient which charges the commission of the
offense in ordinary and concise language in such a manner as to enable a person of
common understanding to know what is meant, and with that degree of certainty that
will give the defendant notice of the particular offense with which he is charged . . 
. .

Id. art. 21.11 (Vernon 1989).



       An information need not set forth facts which are “merely evidentiary in nature.” Mays,
967 S.W.2d at 406; Smith v. State, 895 S.W.2d 449, 453 (Tex. App.—Dallas 1995, pet. ref’d)
(quoting DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988)). Generally, an
information which tracks the statutory language will provide adequate notice. Id. In the face
of a motion to quash however, an information must provide more specific allegations if the
“statute identifies more than one method by which it can be violated.” Smith, 895 S.W.2d at
453 (citing Saathoff v. State, 891 S.W.2d 264, 266 (Tex. Crim. App. 1994)). Additionally,
“[a] statute which uses an undefined term of indeterminate or variable meaning requires more
specific pleading in order to notify the defendant of the nature of the charges against him.” 
Mays, 967 S.W.2d at 407; see also Giddings v. State, 816 S.W.2d 538, 541 (Tex.
App.—Dallas 1991, pet. ref’d) (citing Posey v. State, 545 S.W.2d 162, 163 (Tex. Crim. App.
1977)). The latter principle is at issue in this case.
      Section 38.03(a) of the Penal Code defines the offense of resisting transportation as
follows:
(a) A person commits an offense if he intentionally prevents or obstructs a person he
knows is a peace officer or a person acting in a peace officer's presence and at his
direction from effecting an arrest, search, or transportation of the actor or another by
using force against the peace officer or another.

Tex. Pen. Code Ann. § 38.03(a). We must determine whether the word “force” as used in
this statute is a “term of indeterminate or variable meaning.” See Mays, 967 S.W.2d at 407. 
If so, then Tullous was entitled to more notice than the information provided. Id.
      Our research has disclosed no cases addressing whether the term “force” in an information
alleging resisting arrest, search, or transportation is so indefinite that more notice is required.


 
Nevertheless, Texas courts have considered the use of this term in indictments under the
predecessor to our current sexual assault statute. See Tex. Pen. Code Ann. § 22.011 (Vernon
Supp. 2000).
      To constitute the offense of sexual assault against an adult, the prohibited sexual act must
be done “without [the victim’s] consent.” Id. § 22.011(a)(1). Subsection (b) of the statute
provides ten instances in which the prohibited act is non-consensual. Id. § 22.011(b). Three
of these involve the use of “force.” Id. § 22.011(b)(1), (2), (7).


 On at least four occasions,
Texas courts have held the State need not provide further notice with respect to the term
“force” as used in this context. Johnson v. State, 623 S.W.2d 654, 655 (Tex. Crim. App.
1981); Brem v. State, 571 S.W.2d 314, 317 (Tex. Crim. App. [Panel Op.] 1978); Watson v.
State, 548 S.W.2d 676, 678-79 (Tex. Crim. App. 1977); Quevedo v. State, 661 S.W.2d 321,
323 (Tex. App.—Corpus Christi 1983, pet. ref’d); see also Contreras v. State, 838 S.W.2d
594, 601-02 (Tex. App.—Corpus Christi 1992, pet. ref’d).
      The Court in Watson observed:
The only type of “force” which will support a rape conviction is that which
“overcomes such earnest resistance as might reasonably be expected under the
circumstances.” The only type of “threat” which will support a rape conviction is
that which “would prevent resistance by a woman of ordinary resolution.” The
indictment in effect alleged what had to be proved. See Article 21.03, Vernon's
Ann.C.C.P. When the terms “force” and “threats” were used in the indictment, the
appellant was given adequate notice of the offense with which he was charged and
clearly the language of the Gray opinion and the holding in Baldwin are here
applicable.
 
While generally it is better practice to describe the offense in the indictment in the
words of the statute, the instant indictment was not fundamentally defective. It is not
necessary that an indictment for rape allege the character of the force or specify the
threats. The use of the general terms as in the instant indictment is sufficient.

Watson, 548 S.W.2d at 678-79 (footnotes omitted) (citing Baldwin v. State, 538 S.W.2d 109,
111-12 (Tex. Crim. App. 1976); Gray v. State, 77 Tex. Crim. 221, 225-26, 178 S.W. 337,
339 (1915)); accord Quevedo, 661 S.W.2d at 323.
      Similarly in the instant case, the only type of “force” which will support a conviction for
resisting transportation is that which is “intentionally” used “against the peace officer or
another” to prevent or obstruct the “peace officer or a person acting in [the] peace officer’s
presence and at his direction from effecting [the] transportation of the actor or another.” Tex.
Pen. Code Ann. § 38.03(a); cf. Watson, 548 S.W.2d at 678; Quevedo, 661 S.W.2d at 323. 
Accordingly, we conclude that an information charging resisting transportation need not
“allege the character of the force” to provide adequate notice to the accused. See Watson, 548
S.W.2d at 678-79; Quevedo, 661 S.W.2d at 323.
      We overrule Tullous’s sole issue and affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
            Justice Vance and
            Justice Gray
Affirmed
Opinion delivered and filed June 28, 2000
Publish