**John Ray TULLOUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–064–CR.**

Court of Appeals of Texas, Waco.

June 28, 2000.

Rehearing Overruled July 19, 2000.

**196**

David S. Barron, Bryan, for appellant.

James M. Kuboviak, County Atty., William D. Ballard, Asst. County Atty., Bryan, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## O P I N I O N

REX D. DAVIS, Chief Justice.

A jury convicted John Ray Tullous of resisting transportation. *See* TEX. PEN. CODE ANN. § 38.03(a) (Vernon 1994). The court sentenced Tullous to one hundred fifty-three days' confinement in the county jail. Tullous claims in a single issue that the court erred in overruling his motion to quash the information because it failed to give him adequate notice of the manner and means by which he committed the offense.

The information alleges in pertinent part that Tullous did:

> intentionally by using force against Wayland Rawls obstruct or prevent Wayland Rawls a person John Ray Tullous knew to be a peace officer from effecting the transportation of the said John Ray Tullous....

▮ The Texas Constitution and Code of Criminal Procedure require that an information provide an accused with adequate notice. *See State v. Mays*, 967 S.W.2d 404, 406 (Tex.Crim.App.1998); TEX. CONST. art. I., § 10; TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977). An information must allege the commission of an offense with enough certainty that the defendant can "plead the judgment that may be given upon it in bar of any prosecution for the same offense." TEX.CODE CRIM. PROC. ANN. art. 21.04 (Vernon 1989). Article 21.11 of the Code of Criminal Procedure provides in pertinent part:

> An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged....

*Id.* art. 21.11 (Vernon 1989).[1]

▮ An information need not set forth facts which are "merely evidentiary in nature." *Mays*, 967 S.W.2d at 406; *Smith v. State*, 895 S.W.2d 449, 453 (Tex. App.—Dallas 1995, pet. ref'd) (quoting *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim.App.1988)). Generally, an information which tracks the statutory language will provide adequate notice. *Id.* In the

---

1. Articles 21.04 and 21.11 actually dictate the certainty required in an indictment. *See* TEX. CODE CRIM. PROC. ANN. arts. 21.04, 21.11 (Vernon 1989). Nevertheless, the same rules apply to an information. *Id.* art. 21.23 (Vernon 1989).

face of a motion to quash however, an information must provide more specific allegations if the "statute identifies more than one method by which it can be violated." *Smith*, 895 S.W.2d at 453 (citing *Saathoff v. State*, 891 S.W.2d 264, 266 (Tex.Crim.App.1994)). Additionally, "[a] statute which uses an undefined term of indeterminate or variable meaning requires more specific pleading in order to notify the defendant of the nature of the charges against him." *Mays*, 967 S.W.2d at 407; *see also Giddings v. State*, 816 S.W.2d 538, 541 (Tex.App.—Dallas 1991, pet. ref'd) (citing *Posey v. State*, 545 S.W.2d 162, 163 (Tex.Crim.App.1977)). The latter principle is at issue in this case.

Section 38.03(a) of the Penal Code defines the offense of resisting transportation as follows:

> (a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.

TEX. PEN.CODE ANN. § 38.03(a). We must determine whether the word "force" as used in this statute is a "term of indeterminate or variable meaning." *See Mays*, 967 S.W.2d at 407. If so, then Tullous was entitled to more notice than the information provided. *Id.*

Our research has disclosed no cases addressing whether the term "force" in an information alleging resisting arrest, search, or transportation is so indefinite that more notice is required.[2] Nevertheless, Texas courts have considered the use of this term in indictments under the pre-

decessor to our current sexual assault statute. *See* TEX. PEN.CODE ANN. § 22.011 (Vernon Supp.2000).

To constitute the offense of sexual assault against an adult, the prohibited sexual act must be done "without [the victim's] consent." *Id.* § 22.011(a)(1). Subsection (b) of the statute provides ten instances in which the prohibited act is non-consensual. *Id.* § 22.011(b). Three of these involve the use of "force." *Id.* § 22.011(b)(1), (2), (7).[3] On at least four occasions, Texas courts have held the State need not provide further notice with respect to the term "force" as used in this context. *Johnson v. State*, 623 S.W.2d 654, 655 (Tex.Crim.App. 1981); *Brem v. State*, 571 S.W.2d 314, 317 (Tex.Crim.App. [Panel Op.] 1978); *Watson v. State*, 548 S.W.2d 676, 678–79 (Tex. Crim.App.1977); *Quevedo v. State*, 661 S.W.2d 321, 323 (Tex.App.—Corpus Christi 1983, pet. ref'd); *see also Contreras v. State*, 838 S.W.2d 594, 601–02 (Tex. App.—Corpus Christi 1992, pet. ref'd).

The Court in *Watson* observed:

> The only type of "force" which will support a rape conviction is that which "overcomes such earnest resistance as might reasonably be expected under the circumstances." The only type of "threat" which will support a rape conviction is that which "would prevent resistance by a woman of ordinary resolution." The indictment in effect alleged what had to be proved. *See* Article 21.03, Vernon's Ann.C.C.P. When the terms "force" and "threats" were used in the indictment, the appellant was given adequate notice of the offense with which he was charged and clearly the

2. However, the Court of Criminal Appeals has considered the validity of an information charging resisting arrest which alleged that the defendant did "prevent and obstruct I.D. Phillips, a person that Defendant knew to be a peace officer from effecting the arrest of the [sic] Rayford Odell Sample, by striking I.D. Phillips with his fist." *Sample v. State*, 626 S.W.2d 515, 517 (Tex.Crim.App.1982) (op. on reh'g). The Court held that the quoted lan-

guage constituted "a sufficient allegation of 'force.' " *Id.* at 518.

3. Actually, subsection (b)(1) describes the prohibited conduct as non-consensual when it has been compelled "by the use of *physical* force." TEX. PEN.CODE ANN. § 22.011(b)(1) (Vernon Supp.2000) (emphasis added).

language of the *Gray* opinion and the holding in *Baldwin* are here applicable.

While generally it is better practice to describe the offense in the indictment in the words of the statute, the instant indictment was not fundamentally defective. It is not necessary that an indictment for rape allege the character of the force or specify the threats. The use of the general terms as in the instant indictment is sufficient.

*Watson,* 548 S.W.2d at 678–79 (footnotes omitted) (citing *Baldwin v. State,* 538 S.W.2d 109, 111–12 (Tex.Crim.App.1976); *Gray v. State,* 77 Tex.Crim. 221, 225–26, 178 S.W. 337, 339 (1915)); *accord Quevedo,* 661 S.W.2d at 323.

■ Similarly in the instant case, the only type of "force" which will support a conviction for resisting transportation is that which is "intentionally" used "against the peace officer or another" to prevent or obstruct the "peace officer or a person acting in [the] peace officer's presence and at his direction from effecting [the] transportation of the actor or another." TEX. PEN.CODE ANN. § 38.03(a); *cf. Watson,* 548 S.W.2d at 678; *Quevedo,* 661 S.W.2d at 323. Accordingly, we conclude that an information charging resisting transportation need not "allege the character of the force" to provide adequate notice to the accused. *See Watson,* 548 S.W.2d at 678–79; *Quevedo,* 661 S.W.2d at 323.

We overrule Tullous's sole issue and affirm the judgment.