

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00484-CV

**IN THE MATTER OF A.D.M.**

From the 323rd District Court, Tarrant County, Texas
Trial Court No. 323-96632-J
Honorable Lucy Jean H. Boyd, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  February 20, 2013

AFFIRMED

After his special exceptions to the State's petition for an adjudication were denied, A.D.M., a juvenile, admitted the allegations in the petition, was adjudicated for committing the offense of resisting arrest, and was placed on six months probation. On appeal, A.D.M. contends the juvenile court abused its discretion in denying his special exceptions. Therefore, we must determine if the State's petition complies with the notice requirements outlined in section 54.03(d)(1) of the Texas Family Code. Because we hold that the language in the State's petition satisfied those requirements, we affirm the juvenile court's judgment.

PROCEDURAL BACKGROUND

The State proceeded on the second paragraph of its First Amended Petition Regarding Child Engaged in Delinquent Conduct, which stated:

Paragraph Two: And it is further presented that said child has engaged in delinquent conduct in that the child violated a penal law of this State punishable by imprisonment, to-wit: Section 38.03(A) of the Texas Penal Code when on or about the 19th day of April, 2012, in the County of Tarrant and State of Texas, he did then and there intentionally prevent or obstruct J. C. Sao, a person he knew to be a peace officer, from effecting an arrest or search of said respondent, by using force against said peace officer, to-wit: by pulling away and moving his arm to prevent J. C. Sao from handcuffing him during his arrest.

In his special exceptions, A.D.M. asserted the petition failed to state an offense. Specifically, A.D.M. contended that the paragraph alleged that he used force against a peace officer by pulling away and moving his arm; however, "[t]he case law is conflicting on whether pulling away constitutes resisting arrest." After the juvenile court overruled the special exceptions, A.D.M. stipulated that Officer J.C. Sao was in full uniform when he placed A.D.M. under arrest and attempted to handcuff him. A.D.M. further stipulated that Officer Sao would testify that he "felt [A.D.M.] jerk away while yelling — while he was yelling and threatening Officer Sao which caused him to struggle with [A.D.M.] to control him for approximately 20 or 30 seconds." Based on the stipulated evidence, the juvenile court found that A.D.M. engaged in the conduct as alleged.

## STANDARD OF REVIEW

A juvenile court's order denying special exceptions is reviewed for abuse of discretion. *In re J.P.*, No. 04-07-00612-CV, 2008 WL 4595030, at *2 (Tex. App.—San Antonio Oct. 15, 2008, no pet.) (mem. op.); *In re M.T.*, No. 13-05-434-CV, 2007 WL 2265072, at *1 (Tex. App.—Corpus Christi Aug. 9, 2007, no pet.) (mem. op.). "The juvenile court abuses its discretion if it acts arbitrarily or unreasonably" or without reference to any guiding rules and principles. *In re J.P.*, 2008 WL 4595030, at *2; *see also In re M.T.*, 2007 WL 2265072, at *1.

**DISCUSSION**

A petition for an adjudication in a juvenile proceeding must state "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts." TEX. FAM. CODE ANN. § 53.04(d)(1) (West 2008). "The allegations in a petition at the adjudication phase of a juvenile proceeding need not be as particular as a criminal indictment so long as the allegations are reasonable and definite." *In re J.P.*, 2008 WL 4595030, at *3; *see also M.A.V., Jr. v. Webb County Court at Law*, 842 S.W.2d 739, 745 (Tex. App.—San Antonio 1992, writ denied).

A person commits the offense of resisting arrest if he "intentionally prevents or obstructs a person he knows is a peace officer … from effecting an arrest … of the actor … by using force against the peace officer." TEX. PENAL CODE ANN. § 38.03(a) (West 2011). The State's petition in the instant case tracks the statute. "Generally, a juvenile petition which tracks the language of the statute gives sufficient notice of the offense charged." *In re M.T.*, 2007 WL 2265072, at *3; *see also In re J.B.M.*, 157 S.W.3d 823, 826 (Tex. App.—Fort Worth 2005, no pet.). In this case, the petition provided more notice than was required because it alleged additional evidentiary facts that were not essential to proper notice.[1] *See Tullos v. State*, 23 S.W.3d 195, 198 (Tex. App.—Waco 2000, pet. ref'd) (holding information charging defendant with resisting transportation under section 38.03 was not required to allege the character of the force to provide adequate notice); *see also In re J.P.*, 2008 WL 2595030, at *3 (juvenile petition "need not recite evidentiary facts unless they are essential to proper notice"). Accordingly, the juvenile court did not abuse its discretion in denying A.D.M.'s special exceptions.

---

[1] We note this court has held, "a person who uses force in order to shake off an officer's detaining grip, whether by pushing or pulling, may be guilty of resisting arrest under section 38.03." *Torres v. State*, 103 S.W.3d 623, 627 (Tex. App.—San Antonio 2003, no pet.).

## CONCLUSION

The juvenile court's judgment is affirmed.

Catherine Stone, Chief Justice